STRONG Respondent, v. WELLS FARGO & COMPANY EXPRESS, Appellant.

(164 N. W. 967.)

(File No. 4257.   Opinion filed November 12, 1917.)

1.    Carriers—Express Package Rate—Federal Tariff—Hidden Goods, Valuation in Receipt, Oral Proof to Change, Competency—Findings.

Where, under the federal tariff law, an interstate shipment of furs hidden from view by wrappings, was receipted for by defendant express company and by shipper's agent as being valued at fifty dollars, held, that oral evidence of a higher valuation of the goods was incompetent, as tending to vary the terms of a written contract; and a finding, in a suit to recover the value of the goods lost in shipment, of a higher valuation, was erroneous; as was also the finding that said valuation was arbitrarily placed in the receipt to limit amount for which defendant would be liable if goods were lost.

2.    Same—Federal Regulation of Express Rates—Rate According to Value, Limitation of Recovery Based on Rate, Valuation in Receipt, As Affecting.

Under federal tariff law regulating rates on interstate express shipments, which statute forbids undervaluation of goods for purpose of limiting carriers' liability in case of loss, in the fixing of a rate according to value, and limitation of recovery based on the rate, the two ideas of fixing the rate on that basis and of so limiting recovery, are automatically associated; nor does it matter that the valuation was fixed by carrier and

that no valuation was furnished by shipper; since the latter received the benefit of the lower rate, and by so doing accepted the "primary limit of value," in case of loss.

3.  **Same—Interstate Tariff—Qualifying Valuation in Express Receipt, As Limiting Recovery—Conditions in Separate Paper, Whether Valid?**

While courts have sometimes declared void conditions qualifying a contract which were by reference made part thereof and printed in small type tending or intended to deceive, held, that such rule does not apply to an interstate express receipt under the federal tariff, containing a provision basing the carriers' charge upon character of property, of which its value is an element, value to be declared in writing by shipper unless its character is otherwise disclosed, and that where goods are hidden from view by wrapping, etc., shipper's declaration of value may be made by notation "not exceeding," etc., on the back of which receipt was printed as a condition, a provision that the carriers' rate shall be dependent upon actual value of the goods, to be stated in writing by shipper, "and applies only upon property of an actual value not exceeding Fifty Dollars for any shipment of 100 pounds or less;" since the conditions specified in said conditions on back of receipt, are in accordance with federal law and comply with regulations of Interstate Commerce Commission.

4.  **Same—Interstate Express Shipment Under Federal Tariff—Valuation in Receipt, Drayman's Authority to Value Shipper's Goods, Immateriality of Question.**

The question of the authority of a drayman who delivered an express package to defendant express company, in the receipt for which package, signed by himself as shipper's agent, a valuation was placed in the goods,—to bind the shipper thereby, is immaterial, in view of adjudications on federal tariff rate law, under which it is held that the shipper by such valuation, obtained the benefit of the lower rate, and by so doing accepted the "primary limit of value" in case of loss.

5.  **Same—Interstate Express Shipment—Suit for Value of Lost Goods—Valuation in Receipt, Shipper's Knowledge Thereof, Immateriality of.**

In a suit by shipper against an express company for value of goods lost in shipment, in which judgment was entered for a higher valuation than that expressed in the receipt, held, that a finding by trial court that shipper did not know of existence of the receipt until after the loss was ascertained, is immaterial; plaintiff being presumed to know the law requiring issuance of receipt by carrier under the federal law.

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by T. B. Strong, against Wells Fargo & Company Express, a corporation, to recover for value of goods lost in shipment. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and remanded for further proceedings.

*Bartine & Bartine,* for Appellant.

*M. Q. Sharpe,* for Respondent.

(1) To point one of the opinion, Appellant cited: Kansas City S. & R. Co. v. Carl, 227 U. S. 683.

Respondent cited: Interstate Commerce Act of Feb. 4, 1887; Carmack Amendment (Sec. 20, Act of June 29, 1906); Adams Express Co. v. Croninger, 226 U. S. 491; Great Northern R. R. Co. v. O'Connor, 232 U. S. 508; Wells Fargo & Co. v. Neiman Marcus, 227 U. S. 469; Kansas City S. & R. Co. v. Carl, 227 U. S. 683.

(2) To point two of the opinion, Appellant cited: Wells Fargo Company v. Nieman Marcus, 227 U. S. 469; New York Central & Hudson Railroad Company v. Mary Edna Beaham, U. S. Advance Opinions 1916, page 43.

Respondent cited: Fargo v. Craven, 9 S. D. 646 l. c. 650; Ellis v. Wait, 4 S. D. 454 l. c. 460; Civ. Code, Sec. 1584; Adams Express Company v. Croninger, 226 U. S. 491.

(4) To point four of the opinion, Respondent cited: Hanson v. Great Northern R. R. Co. (N. D.) 121 N. W. 78; Berry v. R. R. Co. (S. D.) 124 N. W. 859; Everitt v. R. R. C., 1 L. R. A. (N. S.) 985.

(5) To point five of the opinion, Appellant cited: M. K. & T. Ry. Co. of Texas v. Patrick, 144 Fed. 632 (635-8); Great Northern R. R. Co. v. O'Connor, 232 U. S. 508; Hutchinson on Carriers, (3d Ed.) Sec. 457; 31 Cyc. 1402.

GATES, P. J. Plaintiff, an experienced shipper, turned over to a drayman of Oacoma, S. D., a box of furs with directions to ship the same by express to St. Louis, Mo. The contents were concealed from view. The express company issued the uniform express receipt then required under federal regulations, the material portions of which were as follows:

"Form 708.   Uniform Express Receipt.

"Wells Fargo & Company Express.

"Nonnegotiable Receipt.

"Oacoma, S. D., 3|8|1916.

"Received from T. B. Strong subject to the classifications and tariffs in effect on the date hereof,  I p Bx raw furs, value herein stated and warranted by shipper to be fifty dollars. .

"Consigned to E. W. Biggs Co. at Kansas City, Mo. Charges collect.

"Which the company agrees to carry upon the terms and conditions printed on the back hereof, to which the shipper agrees, and as evidence. thereof, accepts and signs this receipt.

"T. B. Strong,                              W. H. Tubbs,

"G. G. I. Shipper.         . .            . For the Company.

"Note.—The company's charge is based upon the character of the property, of which its value is an element, and its value must be declared in writing by the shipper unless its character is otherwise disclosed.  When goods are hidden from view by wrapping, boxing or other means and the company is not notified of the character thereof, the shipper's declaration of value may be. made by notation:  'Not exceeding $50.00,' or 'not exceeding $50.00, or 50 cents per pound actual weight.' "

On the back of the receipt section 2 of the conditions. reads as follows:

"The rate charged for carrying said property is dependent upon the actual value of the property, which must be specifically stated in writing by the shipper, and applies only upon property of an actual value not exceeding fifty dollars for any shipment of 100 pounds or less, or not exceeding fifty cents per pound, actual weight, for any shipment in excess of 100 pounds.  If the actual value is greater than fifty dollars for any shipment of 100 pounds or less, or exceeds fifty cents per pound, actual weight, for any shipment in excess of 100 pounds, such actual value must be specifically stated in writing by the shipper, and excess charges for such greater value must be paid therefor in accordance with the lawfully published tariffs of the company."

The initials below the name of plaintiff were those of the drayman.  The shipment was lost, and this action was brought to recover judgment for $107 and interest, notwithstanding the

agreed value of $50 specified in the receipt.    The defendant of-
fered to allow judgment to be taken against it for $50, with
interest and costs, which was refused.    Upon the trial judgment
was entered for the amount claimed, with interest and costs. From
the judgment and an order denying a new trial defendant appeals.

The twelfth finding of fact made by the trial court was as
follows:

"That at the time the said express receipt, Exhibit A, was
made, no reference was made to the actual value of the said
goods, nor to the charges to be made for carrying them at that
value or at any other value, and the valuation of $50, stated in
the express receipt, bore no relation to the amount to be charged
for shipping the goods, so far as the contract in this case is
concerned, but the said value of $50 was arbitrarily placed in said
express receipt for the purpose of limiting the amount for which
defendant would be liable if the said goods were lost."

[1] The trial court appears to have been of the view, and the
respondent now argues, that it was competent to dispute the con-
tents of the written receipt by evidence tending to show that
the fixing of the valuation was for the purpose of limiting the
carrier's liability only, and not for the purpose of determining
the rate.    Such evidence tended to vary the terms of a written
contract, and was inadmissible, and the finding based thereon
cannot be sustained.    In Kansas City S. R. Co. v. Carl, 227 U. S.
639, 33 Sup. Ct. 391, 57 L. ed. 683, the opinion by Mr. Justice
Lurton stated:

"The valuation declared or agreed upon as evidenced by the
contract of shipment upon which the published tariff rate is
applied, must be conclusive in an action to recover for loss or
damage a greater sum.    In saying this we lay on one side, as not
here involved, every question which might arise when it is shown
that the carrier intentionally connived with the shipper to give
him an illegal rate, thereby causing a discrimination or preference
forbidden by the positive terms of the act of Congress and made
punishable as a crime.    To permit such a declared valuation to be
overthrown by evidence aliunde the contract, for the purpose of
enabling the shipper to obtain a recovery in a suit for loss or
damage in excess of the maximum valuation thus fixed, would
both encourage and reward undervaluations, and bring about

preferences and discriminations forbidden by the law. Such a result would neither be just nor conducive to sound morals or wise policies."

[2] Respondent says that such portion of the opinion is contrary to and inconsistent with this portion, viz. :

"If such a valuation be made in good faith, for the purpose of obtaining the lower rate applicable to a shipment of the declared value, there is no exemption from carrier liability, due to negligence forbidden by the statute, when the shipper is limited to a recovery of the value so declared."

Not at all. The learned justice was there discussing the question whether the shipping contract was one for exemption from liability for negligence, and therefore forbidden. The good faith spoken of was the absence of connivance causing a preference or discrimination mentioned in the above quotation. The excerpt last quoted was the answer to that question. No question of discrimination or preference arises in this case under any aspect thereof. Under federal regulation there is no possibility of disassociation of the two ideas; the fixing of a rate according to value and the limitation of recovery based on the rate. The two go automatically together.

[2, 3] Nor does it matter that the valuation was fixed by the carrier and that no valuation was furnished by the shipper. He obtained the benefit of the lower rate, and by so doing accepted the "primary limit of value" in case of loss. American Express Co. v. U. S. Horseshoe Co., 244 U. S. 58, 37 Sup. Ct. 595, 61 L. ed. 990. That opinion, when carefully considered in connection with previous opinions therein noted, appears to be a complete refutation of respondent's whole case. If there were any doubt (which we do not believe) as to the unsoundness of respondent's contentions prior to the rendition of that opinion it is now set at rest. The only difference between the contract in that case and this, material to the question now before us, is that in that case the declaration that the rate was based upon the stated value was inserted in the body of the contract as required in the form for live stock shipments, while here it was printed upon the back and by reference made a part of the contract. There is no difference in legal effect between the two. While courts have sometimes declared void conditions qualifying

a contract which were by reference made a part of the contract and printed in small type, tending or intended to deceive, the reasons for such holdings are wanting in the present case because the conditions specified in section 2 are in accordance with federal law and in compliance with the regulations of the Interstate Commerce Commission.

[4] Also by reason of the decision last cited all that is urged in respondent's brief with reference to lack of authority of the drayman to enter into a limited liability contract for him is beside the point, but respondent's position is also negatived in Great Northern Ry. Co. v. O'Connor, 232 U. S. 508, 34 Sup. Ct. 380, 58 L. ed. 703. See, also, Hutchinson, Carriers, §§ 457, 458.

[5] Nor is it material, as found by the trial court, that the shipper did not know of the existence of the express receipt until after the loss was ascertained some 30 days after the shipment. Plaintiff is presumed to know the law which requires the issuance of a receipt by the carrier. If the drayman, plaintiff's agent, did not promptly turn over the receipt to his principal, that was no fault of the carrier. The carrier's limit of liability in this case was $50, with interest and costs up to the time of making the offer of judgment.

The judgment and order appealed from are vacated, and the cause remanded for further proceedings in harmony herewith.