# AMERICAN RAILWAY EXPRESS COMPANY *v.* LEVEE.

CERTIORARI TO THE COURT OF APPEAL, FIRST CIRCUIT, OF THE STATE OF LOUISIANA.

No. 54. Argued October 8, 1923.—Decided October 22, 1923.

1. When by the constitution of a State the jurisdiction of its highest court to review a judgment of an intermediate tribunal is discretionary, and review is declined, the writ of certiorari from this Court should be addressed to the intermediate tribunal.   P. 20.
2. The fact that the highest state court in such case, being required by the state constitution to give reasons for declining, does so by an opinion upon the merits, does not take from the refusal its character of declining jurisdiction.   P. 21.
3. The limit of time for applying here for certiorari dates from the refusal of the highest state court to review the decision of the intermediate court.   *Id.*
4. A state statute placing upon the carrier, when sued for the value of goods consigned but not delivered, the burden of proving that the loss or damage was occasioned by accidental and uncontrollable events (La. Rev. Civ. Code, Art. 2754,) cannot affect a limitation of liability for an interstate shipment. agreed upon and valid under the federal law.   P. 21.

Reversed.

CERTIORARI to a judgment of the Court of Appeal of Louisiana, First Circuit, which affirmed a judgment for damages, recovered by the respondent against the petitioner Express Company.

*Mr. Arthur A. Moreno,* with whom *Mr. Hunter C. Leake, Mr. A. M. Hartung* and *Mr. H. S. Marx* were on the briefs, for petitioner.

*Mr. Charles T. Wortham* for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit brought by the respondent in a court of Louisiana to recover the actual value of a trunk and its contents, weighing one hundred pounds or less, delivered to the petitioner for carriage from Madisonville, Texas, to Thibodaux, Louisiana, but not delivered by the latter. The plaintiff's petition set forth the receipt given by the Company, which was in the usual form approved by the Interstate Commerce Commission, and by which " In consideration of the rate charged for carrying said property, which is dependent upon the value thereof and is based upon an agreed valuation of not exceeding fifty dollars for any shipment of 100 pounds or less . . . the shipper agrees that the company shall not be liable in any event for more than fifty dollars for any shipment of 100 pounds or less "; with other language to the same effect. At the trial the defendant relied upon this limitation of its liability. But the Court following Article 2754 of the Revised Civil Code of Louisiana held that the burden was on the carrier to " prove that [the] loss or damage has been occasioned by accidental and uncontrollable events," and gave the plaintiff judgment for $863.75 and interest. The Court of Appeal took the same view and said that failure to make that proof was equivalent to an admission of converting the property to its own use. The defendant applied to the Supreme Court of the State for a writ of certiorari, but the writ was " refused for the reason that the judgment is correct."

A preliminary objection is urged that the present writ of certiorari was addressed to the Court of Appeal and not to the Supreme Court. But under the Constitution of the State the jurisdiction of the Supreme Court is discretionary, Art. 7, § 11, and although it was necessary for the petitioner to invoke that jurisdiction in order to make it certain that the case could go no farther, *Stratton* v. *Stratton*, 239 U. S. 55, when the jurisdiction was declined the Court of Appeal was shown to be the highest Court

of the State in which a decision could be had. Another section of the article cited required the Supreme Court to give its reasons for refusing the writ, and therefore the fact that the reason happened to be an opinion upon the merits rather than some more technical consideration, did not take from the refusal its ostensible character of declining jurisdiction. *Western Union Telegraph Co.* v. *Crovo,* 220 U. S. 364, 366. *Norfolk & Suburban Turnpike Co.* v. *Virginia,* 225 U. S. 264, 269. Of course the limit of time for applying to this Court was from the date when the writ of certiorari was refused.

Coming to the merits, the limitation of liability was valid, whatever may be the law of the State in cases within its control. *Adams Express Co.* v. *Croninger,* 226 U. S. 491. *Union Pacific R. R. Co.* v. *Burke,* 255 U. S. 317, 321. *American Ry. Express Co.* v. *Lindenburg,* 260 U. S. 584. The effect of the stipulation could not have been escaped by suing in trover and laying the failure to deliver as a conversion if that had been done. *Georgia, Florida & Alabama Ry. Co.* v. *Blish Milling Co.,* 241 U. S. 190, 197. No more can it be escaped by a state law or decision that a failure to deliver shall establish a conversion unless explained. The law of the United States cannot be evaded by the forms of local practice. *Rogers* v. *Alabama,* 192 U. S. 226, 230. Under the law of the United States governing interstate commerce the stipulation constituted a defence to liability beyond fifty dollars, unless the plaintiff should prove some facts that took the case out of the protection of the contract. It had that scope in whatever Court it came up. The local rule applied as to the burden of proof narrowed the protection that the defendant had secured, and therefore contravened the law. See *Central Vermont Ry. Co.* v. *White,* 238 U. S. 507, 512. *Cincinnati, New Orleans & Texas Pacific Ry. Co.* v. *Rankin,* 241 U. S. 319, 328. *E. Borneman & Co.* v. *New Orleans M. & C. R. Co.,* 145 La. 150,

We think it unnecessary to follow the arguments addressed to us into further detail.

*Judgment reversed.*