Downey, Judge,
delivered the opinion of the court:
An express shipment of fifty-four rolls of khaki duck, made by the United States, having been destroyed by fire as the result of a collision, the question is whether the plaintiff company, although admitting liability, is liable to the extent of a full valuation ascertained by the accounting officers and deducted from sums otherwise due the plaintiff, ■or only to the extent of the limited valuation of 50 cts. per pound, the plaintiff seeking herein to recover the excess ■deduction over and above that limited valuation. There would seem to be no room for argument except for facts alleged by the defendant which it is contended serve to abrogate the contract limiting the carrier’s liability and leave it liable for full value.
It was an express shipment, but in a carload lot. It originated at Bridgeton, New Jersey, and was originally intended to be transported to a firm at Wakefield, Mass., but during the loading it was determined to change the destination and it was finally consigned to a firm at Baltimore, Md., the -tariff route to which point was through Jersey City. Plaintiff had a passenger train passing through Bridge-ton at 3.33 p. m. and a fast freight at 8 p. m. The ■changing of the destination and the markings of the packages caused such a delay that the car could not be sent on the passenger train, and since there was no other passenger train until the next day the car, to expedite its movement, was attached to the fast freight and taken by that train to Jersey City. The car bore a proper “car card ” and should have been turned over to plaintiff’s agent :at Jersey City by the yardmaster for forwarding, but there was much congestion in the yards at that time and the *435 yardmaster not only failed to do this but by some means so overlooked the car and its character that it was permitted to remain in the yards at Jersey City for ten days, when the yardmaster forwarded it attached to a freight train. This train was in collision, as a result of which the car was burned. The plaintiff concedes liability. It questions only the amount thereof.
Made a part of a stipulation of facts is a copy of the bill of lading, on approved Government form, upon which, among other “ conditions,” are the two paragraphs set out in finding II, limiting liability, and also there is stipulated a copy of the uniform express receipt authorized by the Interstate Commerce Commission, upon which, under “ terms and conditions,” is the limiting paragraph quoted in the same finding. There was no declaration of value in excess of that set up in the limiting paragraphs referred to.
The validity of such limiting paragraphs is fully determined by the law itself, by action pursuant thereto of the Interstate Commerce Commission, and by our court of last resort. The validity and effect of such limiting provisions are very fully considered in the comparatively recent case of American Ry. Exy. Co. v. Lindenburg, 260 U. S. 584.
It is true that the opinion in that case does not in terms consider the exact question here involved, neither does any preceding opinion, but in the case cited very strong language, in general terms, is used and quoted. It is said, "Having accepted the benefit of the lower rate dependent upon the specified valuation, the respondent is estopped from asserting a higher value.” And quoting from Kansas City Southern Ry. Co. v. Carl, 227 U. S. 639, at 652, it is said, “ To permit such a declared valuation to be overthrown by eAddence aliunde the contract, for the purpose of enabling the shipper to obtain a recovery in a suit for loss or damage in excess of the maximum valuation thus fixed, would both encourage and reward undervaluations and bring about preferences and discriminations forbidden by the law. Such a result would neither be just nor conducive to sound morals or wise policies.” In the two cases cited are found other forceful suggestions, not necessary to quote, and numerous cited authorities.
*436 The defendant relies largely upon an inference drawn from a statement found in the later case of American Ry. Ex. Co. v. Levee, 263 U. S. 19, wherein (p. 21) it is said. “ Under the law of the United States governing interstate commerce the stipulation constituted a defense to liability beyond fifty dollars, unless the plaintiff should prove some facts that took the case out of the protection of the contract.” and the contention is that, since this was an express shipment, the plaintiff breached the contract and therefore may not avail itself of the provisions therein limiting liability. The statement is a general one, the words “ unless the plaintiff should prove some facts that took the case out of the protection of the contract” had no particular application to the case under consideration, and in the light of all that has been said in preceding cases we can not conclude that by the use of these words it was intended to hold that facts such as those here involved might be proven for the purpose and should have the effect of permitting a recovery in excess of the limited valuation.
Of weight in determining the question is the holding as to the nature of a contract limiting liability, and upon this question, without quoting at length, we refer to the 6'ari-case, supra, at page 650. After suggesting the invalidity of an agreement to release a carrier either in whole or in part for loss due to negligence, it is said, “A declared value by the shipper for the purpose of determining the applicable rate, when the rates are based upon valuation, is not an exemption from any part of its statutory or common-law liability. The right of the carrier to base rates upon value has been always regarded as just and reasonable. The principle that the compensation should bear a reasonable relation to the risk and responsibility assumed is the settled rule of the common law.”
In our opinion the plaintiff was entitled to the benefit of the limited liability clauses unaffected by the facts recited, and this conclusion must result in a judgment for the excess of the deduction over and above the limitation, and we have so ordered.
Hat, Judge, and Booth, Judge, concur.