JAMES J. ARAJE, Plaintiff, *v.* THE PENNSYLVANIA RAILROAD COMPANY, Defendant.

Supreme Court, New York County, July 14, 1927.

Carriers — baggage — action to recover value of goods contained in trunk sent as baggage but actually containing merchandise — goods were lost in transit — contract not legal — defendant is not liable — limitation as to commencement of action contained in contract violates Interstate Commerce Act, § 20, subd. 11.

The plaintiff cannot recover the value of certain laces and linens contained in a trunk which was shipped over defendant's railroad as baggage and lost in transit, for, under the Interstate Commerce Act, merchandise, with the exception of samples, cannot be transported as baggage, and even though the plaintiff told the baggageman that the trunk contained merchandise, that would not authorize a recovery, for the baggage master had no right or authority to accept as baggage any trunk which contained merchandise.

The contract of shipment was absolutely void and illegal and recovery cannot be based thereon, nor can the plaintiff recover on the theory of tort, since the loss in this case is closely connected with a void contract. If the plaintiff cannot recover on the theory of contract, he cannot avoid the result of a void contract and recover on the theory of tort.

While it is unnecessary to pass upon the defendant's contention that the action is barred by a clause in the contract that it must be instituted within two years

and one day after a reasonable time to deliver had elapsed, it seems that such a provision in the tariffs, based as it is on the time of delivery rather than the time of giving written notice by the carrier, disallowing the disputed claim, violates subdivision 11 of section 20 of the Interstate Commerce Act.

MOTION to set aside verdict for plaintiff in an action to recover the declared value of a trunk alleged to have been lost by the defendant.

*Goldstein & Goldstein* [*David Goldstein, Jonah J. Goldstein* and *Joseph W. Ferris* of counsel], for the plaintiff.

*O'Brien, Boardman, Parker & Fox* [*Harold L. Allen* of counsel], for the defendant.

FRANKENTHALER, J. The action is one to recover the declared value of the contents of a trunk. It appears, without substantial dispute, that on May 23, 1922, the plaintiff, a traveling merchant, purchased of the defendant railroad company a ticket entitling him to passage from Washington to Baltimore, at the same time checking with the baggage agent of defendant at Washington his trunk containing property allegedly valued at $12,530.70. The plaintiff caused the contents of the trunk to be valued at $2,500 and paid the defendant the sum of $2.40 for excess value of said trunk and contents. The trunk contained valuable articles of merchandise intended for sale by the plaintiff, and did not contain ordinary and usual wearing apparel nor samples. The trunk was lost, or at least not accounted for, by defendant, and plaintiff has never received the same from defendant. After proof of these facts, both sides rested and moved for a direction of a verdict. The court granted plaintiff's motion and entertained this motion to set aside the verdict as contrary to law.

The trunk, containing, as it admittedly did, articles intended for sale and not for the purposes of the journey of plaintiff, was not properly transportable as "baggage" in accordance with the provisions of the Federal Interstate Commerce Act. Baggage or luggage within the meaning of the phrase which entitles a passenger to carry the same with him as an incident to and as part of the consideration received by the railroad company for its ticket, is generally defined to include only such articles as a passenger usually takes with him for his own personal use, comfort and convenience during the journey (*Railroad Co.* v. *Fraloff,* 100 U. S. 24; *Hasbrouck* v. *New York Central & H. R. R. R. Co.,* 202 N. Y. 363), and goods carried by a passenger in his trunk as samples for use by him in making sales or other disposition of the goods represented thereby (Rule 4 of Baggage Tariff), but does not include property which is carried for the use of someone else or for

the purpose of business or sale as these goods were carried. (*Humphreys* v. *Perry*, 148 U. S. 627; *Wunsch* v. *Northern Pacific R. Co.*, 62 Fed. 878.) Defendant's contention that the Federal authorities are controlling is conceded by the plaintiff.

Plaintiff testified that he told the baggage master that the trunk contained linens and laces. Assuming this to be so, that cannot be said to constitute a legal waiver of the provisions of the tariff which forbid transportation of merchandise as baggage. Concededly plaintiff tendered a baggage check, signed a baggage valuation slip and checked the merchandise as baggage. The published tariffs and those filed with the Interstate Commerce Commission governing merchandise accepted for transportation constitute the legal rate which must be paid, and the railroad company is without authority or power to increase or diminish those rates. (*Keogh* v. *Chicago & N. W. R. Co.*, 260 U. S. 156; *Chicago, B. & Q. R. Co.* v. *Merriam & Millard Co.*, 297 Fed. 1; Interstate Commerce Act, § 6, subd. 7.) Therefore, any agreement by which the tariffs were waived or the defendant accepted property for transportation at a rate different from the published tariffs and those fixed by the Interstate Commerce Commission would be illegal and void as discriminatory. (*Chicago & Alton R. R. Co.* v. *Kirby*, 225 U. S. 155.) It is settled by a long line of unbroken controlling Federal authorities that such an agreement is against an important rule of public policy and, therefore, illegal and void. (*Atchison, etc., R. Co.* v. *Robinson*, 233 U. S. 173; *Southern R. Co.* v. *Prescott*, 240 id. 632; *Texas & Pacific R. Co.* v. *Mugg*, 202 id. 242; *Chicago & Alton R. R. Co.* v. *Kirby*, 225 id. 155, 163–165; *Kansas City Southern R. Co.* v. *Carl*, 227 id. 639; *Boston & Maine R. R.* v. *Hooker*, 233 id. 97; *Georgia, etc., R. Co.* v. *Blish Milling Co.*, 241 id. 190; *Pennsylvania R. R. Co.* v. *Titus*, 216 N. Y. 17. See, too, *Union Pacific R. R. Co.* v. *Burke*, 255 U. S. 317, affg. 226 N. Y. 534; *Minturn* v. *New York Central Railroad Co.*, 220 App. Div. 222, 227–230.) In view of the foregoing, it cannot be doubted, assuming the entire truth of plaintiff's testimony, that the baggage master at Washington had no right, authority or power to accept as baggage the trunk of plaintiff containing valuable merchandise, which is not luggage or baggage within the purview of the Federal act. Merchandise, as such, cannot be transported on the ticket of the passenger as baggage, as it is not an incident to his passage. It must be sent as merchandise, which requires greater attention and care, and a higher rate paid. The Supreme Court of the United States in *Humphreys* v. *Perry* (148 U. S. 627) has held that where a passenger presents a trunk to the baggage agent, he impliedly represents that the trunk contains only baggage,

and, therefore, cannot recover for the loss of merchandise contained therein. Under such circumstances, the carrier is liable only for the loss of actual luggage contained in the trunk. (*Humphreys* v. *Perry*, *supra; Railroad Co.* v. *Fraloff*, *supra*.)

The authorities cited *supra*, and the policy as announced by the courts with controlling jurisdiction, constrain the holding that the contract was absolutely void and illegal and plaintiff cannot recover thereon.

Nor can plaintiff escape this conclusion by seeking to change his cause of action from one on the contract to one in tort (*American R. Express Co.* v. *Levee*, 263 U. S. 19, 21; *Georgia, etc., R. Co.* v. *Blish Milling Co.*, 241 id. 190, 197), since the loss is so indissolubly bound up and connected with the void contract that they are *in pari delicto*, and the loss to the plaintiff cannot be segregated from the illegality of the agreement pursuant to which the plaintiff tendered and the carrier accepted the merchandise. In *American R. Express Co.* v. *Levee* (*supra*, 21) Mr. Justice HOLMES says: " The effect of the stipulation could not have been escaped by suing in *trover* and laying the failure to deliver as a conversion if that had been done."

In *Georgia, etc., R. Co.* v. *Blish Milling Co.* (*supra*, 197) Mr. Justice HUGHES made the same point that " the mere *form* of the action " is juridically immaterial and inconsequential. If there can be no recovery on the contract because of its prohibited character, it would constitute a stultification of the public policy of the statute to permit a recovery in tort. The mere form of the action cannot serve to defeat the statutory intention and object.

In *Western Union Telegraph Co* v. *Esteve Bros. & Co.* (268 Fed. 22), cited by plaintiff, the tariffs and regulations of telegraph and cable companies were *not required* to be filed with the Commission, and the provisions of the Interstate Commerce Act, relative to such companies, are *permissive* and *not mandatory*. The court, in that case, recognizes this. (P. 26.)

While the case of *Adams Express Co.* v. *Darden* (286 Fed. 61), relied on by plaintiff, contains much language which, on its face, appears to sustain plaintiff's contention, an analysis of the decision discloses its inapplicability. In the first place, the *Darden* case involves different provisions of the tariffs, those sections dealing with limitations as to the value of the shipments of horses, which come under the " live stock " provisions of the tariffs. The provisions as to baggage are found in the baggage tariff. The case at bar really involves an interpretation of rule 4, sections a, b and c, of the Interstate Commerce Commission, No. 30, dealing with permitted and prohibited shipments under the heading of " baggage." In the *Darden* case there was involved a *valid shipment* possible under

the carriers' tariffs. Such a shipment was not prohibited but, on the contrary, constituted a standard type of transportation service. The question involved in the *Darden* case was the limitation of liability. In the case at bar the shipment consisted of merchandise *under the guise of baggage*, which is specifically prohibited, and the question is not of rates or rebates, but a question of whether the carrier incurs liability by taking an illegal shipment.

The Carmack Amendment (U. S. Comp. Stat. §§ 8604[a], 8604[aa]) permitted the carrier to offer the shipper various rates bearing on the amount of risk, but prohibiting the entire exemption from common-law liability for loss by negligence. The Cummins Amendment (38 U. S. Stat. 1196) made it lawful for the carriers to provide by their tariff for limitation of the amount of liability corresponding to the rate paid, but there was specifically excepted from its operation the carriage of live stock. Live stock contracts come under an entirely different heading from ordinary baggage. Under the provisions of the Carmack and Cummins Amendments baggage is specifically excepted. The Interstate Commerce Act (§ 20 subd. 11) states " that the provisions hereof respecting liability for full actual loss, damage or injury * * * *shall not apply*, first, to *baggage* carried on passenger trains or boats." Therefore, in any case, the question of full liability, which was the point litigated in the *Darden* case, is entirely foreign to the case at bar.

Briefly stated, eliminating all the *dictum* in the opinion, the proposition involved in the *Darden* case was merely whether the shipper of race horses, who declared their value to be $100, could recover the real value where they were lost by negligence. The court held that he could, on the theory that the contract of carriage, though unenforcible, constituted the carrier a bailee liable for negligence. It must be borne in mind that the carrier in the *Darden* case could lawfully transport the horses under a live stock contract. The question there was only the limitation of liability. In the case at bar the carrier is absolutely prohibited from carrying merchandise as baggage. All of the cases cited by the Circuit Court of Appeals in the *Darden* case deal with under-valuation, and the question in all of such cases is whether the shipper can recover more than the declared valuation. Such is the question involved in the cases of *Missouri, Kans. & Tex. R. Co.* v. *Harriman* (227 U. S. 657); *Kansas City Southern R. Co.* v. *Carl* (Id. 639); *Great Northern R. Co.* v. *O'Connor* (232 id. 508, 515); *Wells, Fargo & Co.* v. *Neiman-Marcus Co.* (227 id. 469). In all of such cases the courts have invoked the theory of estoppel. The shipper is estopped from claiming more than the declared value. The contracts of carriage in *such* cases are not illegal and void — the shipper is merely

estopped from claiming more than the declared value. The object of the public policy employed is obvious. Moreover, while the United States Supreme Court affirmed the *Darden* decision it did not adopt the language or follow the views of the Circuit Court of Appeals, which is not without significance. (See 265 U. S. 265.)

But in the case at bar the contract provides for the carriage of mere baggage, whereas the shipper in effect substituted merchandise. By the terms of the contract the carrier undertook to be liable for $2,500 worth of baggage. It undertook to become bailee, for the purpose of the trip, of baggage, but not of valuable merchandise. There was no legal shipment of merchandise.

In *Saunders* v. *Southern Railway Co.* (128 Fed. 15) no such statutory prohibition was involved as in the present case, and the transportation could legally be made. In the case at bar, however, the shipment was prohibited and the plaintiff cannot recover.

It accordingly becomes unnecessary to pass upon defendant's contention that the action was not instituted within two years and one day after reasonable time to deliver had elapsed, as required by the tariffs. However, this provision of the tariffs, of time within which suit might be brought, based, as it is, upon the time of delivery of shipment rather than the time of the giving of written notice by the carrier disallowing shippers' claim, is in contravention of the statute (Interstate Commerce Act, § 20, subd. 11, as amd. by Act of Feb. 28, 1920, §§ 436–438; 41 U. S. Stat. at Large, 494) and void. (*Chicago & Northwestern Railway Co.* v. *Bewsher*, 6 F. [2d] 947; certiorari denied, 270 U. S. 641.)

The defendant's motion must be granted and the verdict set aside and judgment directed for defendant dismissing the complaint.