CHRISTENSEN, Respondent, v. MINNEAPOLIS, ST. P. & S. S. M. RY. CO., Appellant.

(252 N. W. 738.)

(File No. 7598. Opinion filed February 15, 1934.)

*James M. Brown,* of Aberdeen (*John E. Palmer,* of Minneapolis, Minn., of counsel), for Appellant.

• *Dana Babcock* and *Turner & McKenna,* all of Sisseton, for Respondent.

WARREN, J.   Plaintiff made a shipment of certain pedigreed breeding and show hogs over defendant's railway from New Effington, S. D., on defendant's line and connecting carrier to himself at the Minnesota State Fair Grounds at St. Paul, Minn.   The shipment was designated on the bill of lading and on the waybill "For Exhibit Purposes."   The uniform live stock contract as prescribed by the Interstate Commerce Commission was used.   The contract was signed by the plaintiff as shipper and by the defendant's agent at New Effington on behalf of the carrier.   The contract recited that the shipment was received subject to the classifications and tariffs in effect on the date of the issuance of the agreement.   There **was a provision in the contract** defining what was meant by ordinary live stock, another as to what was meant by other than ordinary live stock, and a provision relating to declared and agreed values.   The general published tariff admitted in evidence shows the value of each hog to be $15 and no more, unless there is a specific agreement disclosing a different value and no value was stated in the bill of lading.

Plaintiff sought recovery on account of defendant's negligence in the shipment whereby he lost three hogs and for the care, such as labor, medicine, veterinary services, and other expenses incurred by him in caring for the sick hogs, in the total sum of $1,182.63. At the trial the defendant mantained that the extent of the plaintiff's recovery was the basic value of $15 per hog, plus the sum of $4 (being freight paid on the three hogs, less refund) and legal. interest from September 5, 1931.   The defendant offered that amount at the time of the trial, and, after the verdict awarding plaintiff $644.13, the defendant moved that a judgment non ob-

stante veredicto be entered in favor of the plaintiff for the basic value of the hogs, freight, less refund, and legal interest.

■ There can be no question but that the shipment was interstate and that it was governed by the Interstate Commerce Act (49 USCA § 1 et seq.), and as such the respondent's rights must be based upon the contract entered into.

■ Under all the facts the respondent's limitation of recovery would be $15 per hog, which is consistent with the holding of the Interstate Commerce Commission in the published and filed tariffs and incorporated by reference and by law into the written agreement of the parties. Where such a contract has been entered into and where the rate has been fixed and agreed upon, the limitation of recovery will be based upon the said rate, and the two must automatically go together.

In American Ry. Express Co. v. Lindenburg, 260 U. S. 584, 592, 43 S. Ct. 206, 209, 67 L. Ed. 414, the court said: "Having accepted the benefit of the lower rate dependent upon the specified valuation, the respondent is estopped from asserting a higher value. To allow him to do so would be to violate the plainest principles of fair dealing. Hart v. Pennsylvania R. R. Co., 112 U. S. 331, 340, 5 S. Ct. 151, 28 L. Ed. 717; Adams Express Co. v. Croninger [226 U. S. 491, 33 S. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257], supra. In Kansas City Southern Ry. Co. v. Carl [227 U. S. 639, 33 S. Ct. 391, 57 L. Ed. 683], supra, this court said: 'To permit such a declared valuation to be overthrown by evidence aliunde the contract, for the purpose of enabling the shipper to obtain a recovery in a suit for loss or damage in excess of the maximum valuation thus fixed, would both encourage and reward undervaluations and bring about preferences and discriminations forbidden by the law. Such a result would neither be just nor conducive to sound morals or wise policies.'"

See, also, Strong v. Wells Fargo & Co. Express, 39 S. D. 389, 164 N. W. 967; Melody v. G. N. Ry. Co., 25 S. D. 606, 127 N. W. 543, 30 L. R. A. (N. S.) 568, Ann. Cas. 1912C, 727.

■ The parties could not waive the terms of the contract under which the shipment was made pursuant to the federal act, nor could the carrier by its conduct give the shipper the right to ignore these terms which were applicable to the contract and hold

the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations. Such being the case, this court must hold that there must be a reversal upon the authorities heretofore cited and upon the further authority of American Ry. Express Company v. Daniel, 269 U. S. 40, 42, 46 S. Ct. 15, 70 L. Ed. 154; American Railway Express Co. v. Levee, 263 U. S. 19, 21, 44 S. Ct. 11, 68 L. Ed. 140; American Railway Express Co. v. Lindenburg, 260 U. S. 584, 592, 43 S. Ct. 206, 67 L. Ed. 414; Galveston, H. & S. A. Ry. Co. v. Woodbury et al, 2654 U. S. 357, 360, 41 S. Ct. 114, 65 L. Ed. 301; Kansas City So. Ry. Co. v. Carl, 227 U. S. 639, 656, 33 S. Ct. 391, 57 L. Ed. 683.

No useful purpose would be served by extending this opinion further.

The judgment and order appealed from are reversed, and the cause of action is remanded, with directions to enter judgment in favor of the plaintiff and against the defendant pursuant of defendant's motion for judgment n. o. v. in the sum of $49, plus interest at 7 per cent per annum from September 5, 1931, to March 4, 1933, the date of motion for judgment, together with taxable costs and disbursements below.

ROBERTS, P. J., and POLLEY and RUDOLPH, JJ., concur.

CAMPBELL, J. (concurring specially). Plaintiff shipped certain hogs from South Dakota to Minnesota over defendant's railway. Three subsequently died. Plaintiff claimed the death of the animals was due to the negligence of defendant or a connecting carrier, and that he was entitled to recover the actual value of the animals (which he placed at $564.13), plus $80 expended in caring for and treating them prior to their death, making a total of $644.13, which the jury awarded him. Defendant conceded for the purposes of the case its liability for the death of the animals, but maintained that plaintiff's recovery must be limited to a valuation of $15 per hog plus the sum of $4 (the net amount of freight payment apportionable to said three animals), together with interest, and defendant offered judgment for that amount at the trial, and after the verdict moved for the entry of such judgment notwithstanding the verdict.

There is no controversy whatever as to any material fact, and

from the testimony there emerges without dispute the vital and controlling fact that plaintiff knowingly contracted for, received, and accepted a certain freight rate covering the shipment (together with a subsequent partial refund thereof), which rate could lawfully be granted and refund lawfully made by the carrier (pursuant to its duly published and filed tariffs) only to a shipper who placed a basic released valuation of $15 per hog upon the animals shipped and whose recovery in case of loss could not exceed that amount.

The undisputed facts make out a clear case requiring the application of a thoroughly established and indeed uncontroverted rule of law which may be summarized in a single paragraph as follows:

An interstate shipper of live stock by common railway carrier who knowingly contracts for and receives a freight rate, which, according to the published and filed tariffs of the carrier, can only be granted to a shipper upon condition that liability in case of loss is limited to a certain valuation per animal stated in the tariffs, is bound by such limitation, even though he did not know that the tariff so provided, did not declare such valuation in the shipping contract, did not intend to be so bound, and did not realize that his acceptance of such rate would have that effect.

Plaintiff is entitled to the judgment offered by defendant and no more, and upon these grounds I concur in the result arrived at by the majority opinion.