**Ulwyn PIERRE, Plaintiff,**

v.

**UNITED PARCEL SERVICE, INC., Defendants.**

**No. 91 C 3751.**

United States District Court, N.D. Illinois, E.D.

Oct. 10, 1991.

Paul A. Brady, Chicago, Ill., for plaintiff.

Robert E. Arroyo, James D. Reinfranck, Keck, Mahin & Cate, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

Defendant UPS's motion to dismiss is granted without prejudice. Plaintiff is given leave to refile her complaint in conformity with the Carmack Amendment, 49 U.S.C. § 11707. The plaintiff's motion to remand is denied since this suit is governed by federal law.

## I. FACTS

In early September of 1987, Plaintiff, Ulwyn Pierre, entered into an agreement with United Parcel Service, Inc. ("UPS") to deliver 40 boxes of books, records, research papers and other personal property from 509 West 121st Street, Apt. 102, New York, New York to 10841 Longwood Drive, Chicago, Illinois.

Plaintiff was told by UPS that she would be given the opportunity the next day to increase the amount of the declared value of her shipment. In reliance upon this representation, she delivered to UPS, forty boxes which were in good condition at that time. The following day, during regular business hours, however, the plaintiff was not allowed to increase the declared value of her shipment.

UPS delivered the boxes to Chicago, but in the course of that delivery, several of the boxes were lost, the shipment was left unattended in an open garage at the wrong address, and the plaintiff was not informed that her boxes had been left at the wrong address.

On January 25, 1991, Plaintiff filed a three count complaint in Illinois state court against UPS alleging state common law theories of negligence in bailment, negligence and breach of contract. UPS removed this action to federal court and filed a motion to dismiss on the grounds that the state common law actions are preempted by federal law because the Interstate Commerce Commission has exclusive jurisdiction over interstate carriers.

In her reply to defendant's motion to dismiss, plaintiff argues that the facts as set out in the complaint also state a claim under the Illinois Bailment Insurance Act (Ill.Rev.Stat., ch. 73, para. 1092 *et seq.*) and the Illinois Consumer Fraud and Deceptive Business Practices Act. (Ill.Rev.Stat., ch. 121½, para. 261 *et seq.*). The plaintiff also filed a motion to remand, asking this court to send the suit back to state court.

## II. DISCUSSION

### A. *Preemption*

■ Although this court is limited to the factual allegations found in the complaint, *Westland v. Sero of New Haven, Inc.*, 601 F.Supp. 163, 166 (N.D.Ill.1985), it is not so bound by the legal theories set forth in the complaint. *International Administrators, Inc. v. Life Insurance Company of North America*, 553 F.Supp. 82 (N.D.Ill. 1982); *See also Craft v. Board of Trustees of the University of Illinois*, 516 F.Supp. 1317, 1323 (N.D.Ill.1981). Thus, this court must consider whether the plaintiff's claims under the Illinois Bailment Insurance Act and the Illinois Consumer Fraud and Deceptive Business Practices Act are preempted as well as considering whether her common law claims are preempted.

■ It is well-settled that the remedy provision of the Carmack Amendment to the Interstate Commerce Act preempts all state and common law remedies inconsistent with the Interstate Commerce Act. *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir.1987), *cert. denied*, 485 U.S. 913, 108 S.Ct. 1068, 99 L.Ed.2d 248 (1988); *Wirth Ltd. v. Silvretta*, 575 F.Supp. 1274 (N.D.Ill.1984).

The Supreme Court first held that the Carmack Amendment preempted inconsistent state law in *Adams Express Co. v. Croninger*, 226 U.S. 491, 505, 33 S.Ct. 148, 152, 57 L.Ed. 314 (1913). It reconsidered its position after the passage of the First Cummins Amendment and found that the preemptive effect of the Carmack Amendment was not effected by its passage. *American Railway Express Co. v. Levee*, 263 U.S. 19, 44 S.Ct. 11, 68 L.Ed. 140 (1923).

At the time that the Seventh Circuit decided *Hughes*, the only Circuit not in accord was the Tenth. Since that time, however, that Circuit reversed itself in *Underwriters at Lloyds of London v. North American*, 890 F.2d 1112 (10th Cir.1989), bringing it into accord with the other circuits.

■ Plaintiff argues that her claims are not preempted because they are not inconsistent with the Carmack Amendment. While conceding that those claims which are based upon UPS's negligence in delivering her goods are preempted, she argues that the claims which are based upon

UPS's failure to allow her to increase her claimed value after representing to her that she would be allowed to do so are not preempted.

The real claim here is that plaintiff was not given the opportunity to choose between levels of liability. This falls squarely within the bounds of the Carmack Amendment:

> There are four steps a carrier must take to limit its liability under the Carmack Amendment: (1) maintain a tariff within the prescribed guidelines of the Interstate Commerce Commission; (2) obtain the shipper's agreement as to his choice of liability; (3) give the shipper a reasonable opportunity to choose between two or more levels of liability; and (4) issue a receipt or bill of lading prior to moving the shipment.

*Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir.1987). Thus, the plaintiff's claims are preempted since the plaintiff is claiming that the defendant has failed to limit its liability by complying with the requirements of the Carmack Amendment. The failure of the defendant to give a shipper a choice of levels of liability is clearly encompassed within the boundaries of the Carmack Amendment. *See Anton v. Greyhound Van Lines, Inc.*, 591 F.2d 103, 105 (1st Cir.1978) (where carrier failed to comply with requirements necessary to limit its liability under the Carmack Amendment, shipper was entitled to the full value of her lost goods).

**B.  *Federal Jurisdiction***

■ Since plaintiff's claims are completely preempted by federal law, removal was proper in this case. Where, as here, Congress has manifested an intent to completely preempt an area of the law, any action arising within the scope of the federal law is necessarily federal by nature. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67, 107 S.Ct. 1542, 1548, 95 L.Ed.2d 55 (1987); *Lister v. Stark*, 890 F.2d 941, 943 (7th Cir.1989), *cert. denied*, —— U.S. ——, 111 S.Ct. 579, 112 L.Ed.2d 584 (1990). Thus, plaintiff's motion to remand this case to state court must be denied.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the complaint is granted without prejudice and the plaintiff's motion to remand is denied.

IT IS SO ORDERED.