[No. B082368. Second Dist., Div. Five. Apr. 25, 1994.]

CHERYL L. SAMUEL et al., Plaintiffs and Respondents, v.
STEVEDORING SERVICES OF AMERICA, Defendant and Appellant.

## COUNSEL

Wilner, Klein & Siegel, Wendy Goldberg and Samuel Wilner for Defendant and Appellant.

Marie A. Backes and Peter G. Friesen for Plaintiffs and Respondents.

## OPINION

## TURNER, P. J.—

### I. INTRODUCTION

Defendant, Stevedoring Services of America, purports to appeal from the denial of a motion to dismiss in the nature of a request for judgment on the pleadings. We agree with plaintiffs that the order under review is not subject to review on direct appeal prior to trial. Accordingly, the appeal is dismissed.

### II. PROCEDURAL BACKGROUND

Plaintiffs, survivors of United States Navy Chief Petty Officer James Samuel, filed suit for wrongful death. Defendant filed a motion to dismiss premised on its contention it was immune from suit. Defendant argued that it was acting as the agent of the United States Army at the time of the decedent's death. As the agent of the Army, defendant claimed it was immune from suit because decedent's injuries occurred during the military buildup prior to the Gulf War pursuant to the provisions of the Defense Production Act (50 U.S.C. Appen., § 2157), the regulations in the Defense Priorities and Allocations System (15 C.F.R. § 700.90 (1993)), and Executive Order No. 12742, 56 Federal Register 1079 (Jan. 8, 1991) 1991 United

States Code Congressional and Administrative News, pages B3-B5. The motion was denied on February 8, 1994. On February 16, 1994, defendant filed a notice of appeal which stated in part: "As a matter of law, the court's denial of [defendant's] motion to dismiss based upon federal immunities from suit is a final appealable collateral order under Code of Civil Procedure Section 904.1." On March 8, 1994, plaintiffs moved to dismiss the present appeal because the denial of a dismissal motion may not be reviewed on direct appeal prior to trial. Defendant argues the denial of its dismissal motion is reviewable prior to trial for two reasons. First, defendant argues the present appeal is proper under California law because the denial of a dismissal motion premised upon immunity from suit is appealable pursuant to the "collateral order doctrine." Second, even if California law is inapplicable, defendant argues it is entitled to review on direct appeal because the supremacy clause of the United States Constitution requires California courts to apply the federal " 'collateral order' " doctrine. (*Mitchell* v. *Forsyth* (1985) 472 U.S. 511, 525 [86 L.Ed.2d 411, 424-425, 105 S.Ct. 2806]; *Cohen* v. *Beneficial Loan Corp.* (1949) 337 U.S. 541, 546 [93 L.Ed. 1528, 1536, 69 S.Ct. 1221].)

## III. Discussion

### A. *State Law*

Defendant argues that the order denying its dismissal motion premised upon immunity and preemption theories is subject to the "collateral order doctrine." We respectfully disagree. To begin with, appellate jurisdiction is conferred by statute under California law. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976]; *Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825].) The principal statute which defines the scope of appellate jurisdiction in the Court of Appeal is Code of Civil Procedure section 904.1 and it does not list the pretrial denial of a dismissal motion as an appealable order. Further, California decisional authority clearly holds that the denial of a dismissal motion may not be reviewed prior to trial via direct appeal. (*Writers Guild of America, West, Inc.* v. *Superior Court* (1969) 273 Cal.App.2d 841, 843-844 [78 Cal.Rptr. 520]; *Obergfell* v. *Obergfell* (1955) 134 Cal.App.2d 541, 545 [286 P.2d 462]; *Eistrat* v. *Humiston* (1954) 129 Cal.App.2d 463, 464 [277 P.2d 463]; *Parker* v. *Owen* (1948) 83 Cal.App.2d 474 [189 P.2d 81].)

Defendant argues that this black letter rule of law is subject to the collateral order doctrine exception. Normally, there can be no direct appeal except from a final judgment. An exception to this rule is the collateral order doctrine which has been described by the California Supreme Court as follows: "An appeal is allowed if the order is a final

judgment against a party in a collateral proceeding growing out of the action. [Citations.] It is not sufficient that the order determine finally for the purposes of further proceedings in the trial court some distinct issue in the case; it must direct the payment of money by appellant or the performance of an act by or against him [or her]. [Citations.]" (*Sjoberg* v. *Hastorf* (1948) 33 Cal.2d 116, 119 [199 P.2d 668].) ▇▇▇ The California Supreme Court has consistently limited the collateral order doctrine to situations where a trial judge orders either payment of money or the performance of some act. (*Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634, fn. 3 [150 Cal.Rptr. 461, 586 P.2d 942] [order to pay sanctions]; *In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368 [134 Cal.Rptr. 197, 556 P.2d 297] [orders reducing temporary spousal support and denying attorney fees]; *Sarracino* v. *Superior Court* (1974) 13 Cal.3d 1, 9 [118 Cal.Rptr. 21, 529 P.2d 53] [order to pay attorney fees]; *Fish* v. *Fish* (1932) 216 Cal. 14, 15-17 [13 P.2d 375] [orders fixing compensation of receiver and attorney as well as directing sale of property]; *Los Angeles* v. *Los Angeles C. Water Co.* (1901) 134 Cal. 121, 122-123 [66 P. 198] [order fixing receiver's compensation and directing payment of such]; *Grant* v. *Los Angeles, etc. Ry. Co.* (1897) 116 Cal. 71, 74-75 [47 P. 872] [order fixing receiver's compensation]; *Grant* v. *Superior Court* (1895) 106 Cal. 324, 326 [39 P. 604] [order fixing receiver's compensation].) On the other hand, the California Supreme Court has held that if the order does not direct payment of money or performance of an act, it is not appealable except after a judgment. (*Sjoberg* v. *Hastorf, supra,* 33 Cal.2d at p. 119 [order denying petition to compel arbitration]; *Title Ins. & Trust Co.* v. *California etc. Co.* (1911) 159 Cal. 484, 485-491 [114 P. 838] [orders granting intervention request and directing receiver to issue certain certificates].) The order denying the dismissal motion in the present case compels neither payment of money nor the performance of any act. Further, defendant has cited no authority which holds that the collateral order doctrine applies to the denial of a dismissal motion based upon the existence of an immunity. Accordingly, under California law, the order under review is not subject to review on direct appeal prior to trial.

### B. *Defendant's Supremacy Clause Claim*

▇▇▇ Defendant argues that if this appeal is not properly before this court under state law, then we are compelled to consider the present matter under the compulsion of the supremacy clause of the United States Constitution.[1] Its argument is as follows. Under federal law, the denial of a dismissal motion premised upon an existence of an immunity is immediately appealable. (*Mitchell* v. *Forsyth, supra,* 472 U.S. at pp. 524-525 [86 L.Ed.2d at pp.

---

[1]The supremacy clause states: "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every

423-425].) In *Mitchell*, the United States Supreme Court held that when a federal immunity claim was rejected prior to trial at the summary judgment stage by the district court judge, the issue was immediately appealable. In *Mitchell*, the Supreme Court citing *Cohen* v. *Beneficial Loan Corp., supra*, 337 U.S. at page 546 [93 L.Ed.2d at page 1536] held as follows: "Thus, a decision of a district court is appealable if it falls within 'that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' [Citation.] [¶] A major characteristic of the denial or granting of a claim appealable under *Cohen*'s 'collateral order' doctrine is that 'unless it can be reviewed before [the proceedings terminate], it can never be reviewed at all.' [Citations.] When a district court has denied a defendant's claim of right not to stand trial, on double jeopardy grounds, for example, we have consistently held the court's decision appealable, for such a right cannot be effectively vindicated after the trial has occurred. [Citation.] Thus, the denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his [or her] conduct in a civil damages action. [Citations.]" (*Mitchell* v. *Forsyth, supra*, 472 U.S. at pp. 524-525 [86 L.Ed.2d at p. 424], fn. omitted.) Defendant reasons that the federal immunity available to it during the Gulf War buildup was of such a compelling and important nature that the supremacy clause mandates immediate review on direct appeal, state law notwithstanding.

The relationship of the supremacy clause to state procedural rules can be a complex question. ■ However, in *Howlett* v. *Rose* (1990) 496 U.S. 356, 372 [110 L.Ed.2d 332, 350-351, 110 S.Ct. 2430], the United States Supreme Court held: "The requirement that a state court of competent jurisdiction treat federal law as the law of the land does not necessarily include within it a requirement that the State create a court competent to hear the case in which the federal claim is presented. The general rule 'bottomed deeply in belief in the importance of state control of state judicial procedure, is that federal law takes the state courts as it finds them.' [Citations.] The States thus have great latitude to establish the structure and jurisdiction of their own courts. [Citations.] In addition, States may apply their own neutral procedural rules to federal claims, unless those rules are pre-empted by federal law. [Citations.] [¶] These principles are fundamental to a system of federalism in which the state courts share responsibility for the application and enforcement of federal law." Nonetheless, the United States Supreme

state shall be bound thereby, any thing in the Constitution or laws of any state to the contrary notwithstanding." (U.S. Const., art. VI, cl. 2.)

Court has made it clear that state courts do not have unlimited authority to place restrictions on the right to recover damages as authorized by federal law. In *Felder* v. *Casey* (1988) 487 U.S. 131, 150-151 [101 L.Ed.2d 123, 145-146, 108 S.Ct. 2302], the United States Supreme Court held: "Federal law takes state courts as it finds them only insofar as those courts employ rules that do not 'impose unnecessary burdens upon rights of recovery authorized by federal laws.' [Citations.] States may make the litigation of federal rights as congenial as they see fit—not as a *quid pro quo* for compliance with other, uncongenial rules, but because such congeniality does not stand as an obstacle to the accomplishment of Congress' goals." (Original italics.) Later, the *Felder* court noted: "Just as federal courts are constitutionally obligated to apply state law to state claims, [citations] so too the Supremacy Clause imposes on state courts a constitutional duty 'to proceed in such manner that all the substantial rights of the parties under the controlling federal law [are] protected.' [Citation.]" (*Id.* at p. 151 [101 L.Ed.2d at p. 146].)

The United States Supreme Court has both upheld and disapproved of state procedural limitations on the assertion of federal statutory and constitutional rights. Often, these opinions have addressed issued raised by the Federal Employment Labor Act, hereafter referred to as the F.E.L.A. On one hand, the high court has upheld state procedural limitations on the assertions of various federal rights. (*Owens* v. *Okure* (1989) 488 U.S. 235, 249-250 [102 L.Ed.2d 594, 605-606, 109 S.Ct. 573] [state's three-year statute of limitations for personal injury actions applied to federal civil rights litigation]; *Johnson* v. *Mississippi* (1988) 486 U.S. 578, 589, fn. 7 [100 L.Ed.2d 575, 587, 108 S.Ct. 1981] [Mississippi law finding waiver of right to present any claims under the United States Constitution in a postconviction habeas corpus proceeding when not initially raised on direct appeal upheld]; *Southern R. Co.* v. *Mayfield* (1950) 340 U.S. 1, 4-5 [95 L.Ed. 3, 8, 71 S.Ct. 1] [state may adopt forum non conveniens defense in F.E.L.A. action]; *Parker* v. *Illinois* (1948) 333 U.S. 571, 573-578 [92 L.Ed. 886, 888-891, 68 S.Ct. 708] [state rule finding waiver of federal constitutional issues if appeal brought in an intermediate appellate court rather than before the Illinois Supreme Court upheld]; *Herb* v. *Pitcairn* (1945) 324 U.S. 117, 123 [89 L.Ed. 789, 793, 65 S.Ct. 459] [state rule prohibiting filing of F.E.L.A. suit in a city court but permitting commencement of such a claim in a circuit court not violative of federal law]; *Herndon* v. *Georgia* (1935) 295 U.S. 441, 445-446 [79 L.Ed. 1530, 1533-1534, 55 S.Ct. 794] [state rule prohibiting raising an issue for the first time in a rehearing petition validly may restrict assertion of federal due process claims]; *Douglas* v. *New Haven R. Co.* (1929) 279 U.S. 377, 386-388 [73 L.Ed. 747, 751-752, 49 S.Ct. 355] [New York statute prohibiting suits by foreign corporations sufficient to defeat jurisdiction

under the F.E.L.A.]; *Director General* v. *Kastenbaum* (1923) 263 U.S. 25, 27-28 [68 L.Ed. 146, 147-148, 44 S.Ct. 52] [plaintiff's state claim against national government valid because federal statute specifically provided " 'in any action of law . . . no defense shall be made thereto upon the grounds that the carrier is an instrumentality or agency of the Federal Government' "]; *Ches. & Ohio Ry.* v. *Carnahan* (1916) 241 U.S. 241, 242 [60 L.Ed. 979, 981, 36 S.Ct. 594] [in F.E.L.A. action, state law providing for seven-person jury upheld]; *Minn. & St. Louis R. R.* v. *Bombolis* (1916) 241 U.S. 211, 213-215 [60 L.Ed. 961, 961-962, 36 S.Ct. 595] [state may permit nonunanimous verdicts in F.E.L.A. cases without violating the Seventh Amendment]; *Missouri* v. *Lewis* (1879) 101 U.S. (11 Otto) 22, 29-33 [25 L.Ed. 989, 991-993] [no equal protection violation when litigants in heavily populated counties had no direct opportunity to appeal to the state Supreme Court as a matter of right but such immediate review was available in other parts of Missouri in connection with issues of federal law].) On the other hand, the United States Supreme Court has invalidated state substantive and procedural rules which apply to federal law litigation brought in state courts. (*Howlett* v. *Rose, supra,* 496 U.S. at pp. 359-383 [110 L.Ed.2d at pp. 342-358] [sovereign immunity defense recognized under state law not applicable to the federal civil rights litigation]; *Felder* v. *Casey, supra,* 487 U.S. at pp. 150-153 [101 L.Ed.2d at pp. 145-147] [civil rights plaintiff not subject to state tort claim procedures which were purposely designed to minimize governmental liability in contravention of congressional objectives]; *Dice* v. *Akron, C. & Y. R. Co.* (1952) 342 U.S. 359, 361 [96 L.Ed. 398, 402-403, 72 S.Ct. 312] [validity of release and scope of jury trial right in F.E.L.A. litigation controlled by federal, not state law]; *Brown* v. *Western R. of Alabama* (1949) 338 U.S. 294, 296 [94 L.Ed. 100, 102, 70 S.Ct. 105] [state pleading rules cannot preempt right of United States Supreme Court to determine sufficiency of complaint's allegations in F.E.L.A. case]; *Wilkerson* v. *McCarthy* (1949) 336 U.S. 53, 55-64 [93 L.Ed. 497, 501-506, 69 S.Ct. 413] [federal not Utah law applies in determining whether an F.E.L.A. action is to be submitted to the jury]; *Patterson* v. *Alabama* (1935) 294 U.S. 600, 605-606 [79 L.Ed. 1082, 1084-1085, 55 S.Ct. 575] [in a capital case, the failure of a state Supreme Court to consider a valid federal claim under an inapplicable local rule of practice required reconsideration of jury challenge question by the Alabama Supreme Court]; *Davis* v. *Wechsler* (1923) 263 U.S. 22, 23-24 [68 L.Ed. 143, 144-145, 44 S.Ct. 13] [specific federal regulation limiting venue in state court actions involving a railroad must be complied with and local venue laws concerning personal injury claims must be disregarded]; *Amer. Ry. Exp. Co.* v. *Levee* (1923) 263 U.S. 19, 21 [68 L.Ed. 140, 143, 44 S.Ct. 11] [Louisiana statute concerning burden of proof improperly narrowed the scope of protection under the F.E.L.A.].) Additionally, although less pertinent, the United States Supreme Court has held that

states may not refuse to enforce the F.E.L.A. in their general jurisdiction courts because the statute contravenes their public policies. (*Testa* v. *Katt* (1947) 330 U.S. 386, 392-394 [91 L.Ed. 967, 971-972, 67 S.Ct. 810, 172 A.L.R. 225]; *McKnett* v. *St. Louis & S. F. Ry. Co.* (1934) 292 U.S. 230, 233-234 [78 L.Ed. 1227, 1229-1230, 54 S.Ct. 690]; *Second Employers' Liability Cases* (1912) 223 U.S. 1, 57-59 [56 L.Ed. 327, 349-350, 32 S.Ct. 169].)

From this substantial body of United States Supreme Court supremacy clause jurisprudence, several consistent factors have been cited in determining a state procedural requirement to be unenforceable. For example, neutral procedural rules may be applied to federal claims (*Howlett* v. *Rose, supra,* 496 U.S. at p. 372) [110 L.Ed.2d at pp. 351-352]; stated differently, a discriminatory state requirement may violate the supremacy clause. (*Douglas* v. *New Haven R. Co., supra,* 279 U.S. at p. 387 [73 L.Ed.2d at pp. 751-752].) Further, a state procedural rule which is designed to limit governmental liability when Congress intended otherwise must give way under the authority of the supremacy clause. (*Felder* v. *Casey, supra,* 487 U.S. at p. 153 [101 L.Ed.2d at p. 147].) Moreover, a state burden of proof rule cannot narrow a federally guaranteed right of recovery. (*Amer. Ry. Exp. Co.* v. *Levee, supra,* 263 U.S. at p. 21 [68 L.Ed. at p. 143].) Also, if there is a specific federal rule governing venue, state courts must comply with the national rather than their own law. (*Davis* v. *Wechsler, supra,* 263 U.S. at pp. 23-24 [68 L.Ed. at p. 145].) ▪▪ California's law which precludes review of defendant's immunity claim on direct appeal prior to trial violates none of the foregoing supremacy clause concerns.

We reach this conclusion for three reasons. First, California provides what the supremacy clause requires and that is " 'a reasonable opportunity to have the claimed right heard and determined' by the state court. [Citation.]" (*Parker* v. *Illinois, supra,* 333 U.S. at p. 574 [92 L.Ed. at p. 888].) Under California law, if a federal immunity question is clear from the face of the complaint, the issue may be raised at the demurrer stage. (E.g., *Isaacson* v. *California Ins. Guarantee Assn.* (1988) 44 Cal.3d 775, 784-788 [244 Cal.Rptr. 655, 750 P.2d 297] [Ins. Code, § 1063.2 subd. (a) immunity from tort liability provided to California Insurance Guarantee Association]; *Strang* v. *Cabrol* (1984) 37 Cal.3d 720, 722-728 [209 Cal.Rptr. 347, 691 P.2d 1013] [Civ. Code, § 1714 and Bus. & Prof. Code, § 25602 immunity applicable to social host who serves alcoholic beverages].) Further, if the federal immunity is apparent from the face of the complaint, a defendant may file a motion for judgment on the pleadings which is essentially what transpired in the present case. (Code Civ. Proc., § 438, subd. (c)(1)(B); e.g., *Murphy* v. *E. R. Squibb & Sons, Inc.* (1985) 40 Cal.3d 672, 679-681 [221 Cal.Rptr. 447, 710 P.2d 247] [Health & Saf. Code, § 1606 strict liability immunity available to pharmacists]; *Nunn* v. *State of California* (1984) 35 Cal.3d 616,

620-626 [200 Cal.Rptr. 440, 677 P.2d 846] [Gov. Code, §§ 818.2 and 821 discretionary function immunities apply to governmental entities and public employees in promulgating regulations].) Also, regardless of whether the immunity issue is apparent from the face of the pleading, the question can be raised in a summary judgment motion. (Code Civ. Proc., § 437c; e.g., *Ornelas* v. *Randolph* (1993) 4 Cal.4th 1095, 1098-1109 [17 Cal.Rptr.2d 594, 847 P.2d 560] [Civ. Code, § 846 immunity]; *Oren Royal Oaks Venture* v. *Greenberg, Bernhard, Weiss & Karma, Inc.* (1986) 42 Cal.3d 1157, 1163 [232 Cal.Rptr. 567, 728 P.2d 1202] [Civ. Code, § 47, subd. (2) immunity].) Furthermore, in a superior court action, if a demurrer is overruled, or a judgment on the pleadings or summary judgment motion is denied, a defendant asserting an immunity defense has a right to file a petition for extraordinary relief in the Court of Appeal litigating the propriety of the trial judge's order. (E.g., *Taylor* v. *Superior Court* (1979) 24 Cal.3d 890, 894 [157 Cal.Rptr. 693, 598 P.2d 854] [review of order overruling a demurrer]; *Commercial Life Ins. Co* v. *Superior Court* (1988) 47 Cal.3d 473, 476 [253 Cal.Rptr. 682, 764 P.2d 1059] [review of denial of judgment on the pleadings motion] Code Civ. Proc., § 437c subd. (l) [review of summary judgment or summary issue adjudication motion denial].) If the petition is denied, the defendant may then file a petition for review in the California Supreme Court. (Cal. Rules of Court, rule 28; Cal. Civil Writ Practice (Cont.Ed.Bar 1987) § 10.71, p. 437.) In other words, California's pretrial review procedures provide more than a reasonable opportunity to defendants to assert prior to trial federally guaranteed immunity rights in appellate courts.[2]

Second, California's limitation on the use of direct appeals prior to trial is a nondiscriminatory rule of law. The requirement that a final judgment exists before review may be obtained on direct appeal applies to all wrongful death actions of the type involved in this case. Immunities arising under state or federal law are treated precisely the same. Neither are subject to pretrial review on direct appeal. Both state and federal immunity claims receive the same enforcement in California appellate courts—hence there is no improper discrimination under the supremacy clause. (See *Martinez* v. *California* (1980) 444 U.S. 277, 283-284, fn. 7 [62 L.Ed.2d 481, 488, 100 S.Ct. 553].)

Third, the limitation on review by direct appeal prior to trial contravenes neither the express language of nor the purpose of the federal immunity provided to defense contractors. Unlike *Howlett* v. *Rose, supra,* 496 U.S. at pages 359-382 [110 L.Ed.2d at pages 342-358] and *Felder* v. *Casey, supra,* 487 U.S. at page 153 [101 L.Ed.2d at page 147] where state laws were utilized to limit the scope of a congressionally determined right to compensation, in the present case, California's limitations on the use of direct appeal

[2]In the present case, defendant did not seek pretrial review by means of a petition for writ of mandate after the judgment on the pleadings motion was denied on February 8, 1994.

violate no federal interest that has been articulated by the Congress. Nothing in the language of 50 United States Code Appendix, section 2157 nor its legislative history suggests Congress intended a neutral state court limitation on the right of direct appeal prior to trial to be abrogated by the enactment of the Defense Production Act. (1952 U.S. Code Cong. & Admin. News, at p. 1818.) The same is true as to the pertinent federal regulation. (15 C.F.R. § 700.90.) The executive order relied upon by defendant as a basis for the immunity claims specifically states that its intent was "only to improve the internal management of the executive branch" and not to create any new rights against the federal government or "any person." (Exec. Order No. 12742, 56 Fed.Reg. 1079 (Jan. 8, 1991), 1991 U.S. Code Cong. & Admin. News, p. B5.) This is not a case where " '[the state] law stands as any obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' [Citation.]" (*Goldstein* v. *California* (1973) 412 U.S. 546, 561 [37 L.Ed.2d 163, 176, 93 S.Ct. 2303].) To sum up, these combined considerations warrant the conclusion that the supremacy clause does not require California courts to apply federal appellate rules which grant a defendant asserting an immunity arising under the Defense Production Act the right to review via direct appeal prior to trial.

## IV. Disposition

The appeal is dismissed. Plaintiffs shall recover their costs incurred in connection with this appeal from defendant, Stevedoring Services of America.

Grignon, J., concurred.

A petition for a rehearing was denied May 10, 1994, and appellant's petition for review by the Supreme Court was denied July 14, 1994.