**CONOCO, INC., Plaintiff,**

v.

**ANDREWS VAN LINES, INC., and International Van & Storage, Inc., Defendant.**

**No. CIV–80–942–D.**

United States District Court, W. D. Oklahoma.

April 7, 1981.

Clarence Green, and Earl G. Williams, Oklahoma City, Okl., for plaintiff.

John R. Couch, Oklahoma City, Okl., for defendant Andrews, Van Lines.

Kenneth G. Mayfield, Oklahoma City, Okl., for defendant International Van & Storage.

## ORDER

DAUGHERTY, Chief Judge.

This is an action by Plaintiff to recover for accidental damage to and loss of goods shipped in interstate commerce pursuant to a contract between Plaintiff and Defendant Andrews Van Lines, Inc. (Andrews). Defendant International Van & Storage, Inc. (International) is alleged to have been transporting the goods at the time of the damage and loss of goods as the agent of Defendant Andrews. This action was originally commenced in the Oklahoma County District Court and removed to this Court by Defendants. Defendant Andrews generally denies all of Plaintiff's allegations while Defendant International admits agency but denies the remaining allegations of Plaintiff. It is asserted that the Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1337.

Presently before the Court in this matter is a Motion filed by Defendant Andrews entitled "Defendant's Motion for Partial Summary Judgment to Restrict the Measure of Damages." Said Motion is supported by a Brief and Plaintiff has filed a Brief in opposition thereto. On this basis, the Court determines that the "hearing" requirement of Rule 56(c), Federal Rules of Civil Procedure, has been satisfied and therefore this matter is ready for decision by the Court. *See Nolan v. Baca*, 603 F.2d 810, 812 (Tenth Cir. 1979); *Kibort v. Hampton*, 538 F.2d 90, 91 (Fifth Cir. 1976); Local Court Rule 13(a).

In support of its Motion, Defendant Andrews contends that it is entitled to partial summary judgment restricting the measure of damages to $.60 per pound per article lost or damaged in the shipment involved in this case as provided by the bill of lading for said shipment. In this connection, review of the record herein reveals that there is no dispute that Defendant Andrews has met the conditions necessary to limit its liability as provided by 49 U.S.C. § 20(11). However, Plaintiff contends that such a limitation of liability may be abrogated if the loss complained of resulted from a material deviation by the carrier from the customary mode or manner of transportation. Plaintiff maintains herein that the defendant carrier's abandonment of and failure to protect Plaintiff's goods during the course of shipment constituted such a deviation.

At the time the parties to this case entered into the contract involved herein, § 49 U.S.C. § 20(11), which is part of the Carmack Amendment to the Interstate Commerce Act, provided in pertinent part as follows:

[T]he provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply, ... to property ... received for transportation concerning which the carrier shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released....

The foregoing provision was later revised and recodified as 49 U.S.C. § 10730 by the Revised Interstate Commerce Act, 49 U.S.C. § 10101 et seq., effective October 17, 1978.

In *Rocky Ford Moving Vans, Inc. v. United States*, 501 F.2d 1369 (Eighth Cir. 1974), the United States Court of Appeals for the Eighth Circuit analyzed § 20(11) as set out above and the applicability of the deviation doctrine as follows:

The Carmack Amendment thus expressly recognizes the right of a shipper and carrier to establish an agreed value of the goods to be shipped which limits the carrier's liability and permits a shipper thereby to benefit from a lower rate. *Strickland Transportation Co. v. United States*, 334 F.2d 172 (5th Cir. 1964). In adopting the Carmack Amendment, Congress intended to impose a single uniform federal rule upon the obligations of carriers operating in interstate commerce. *New York, New Haven & Hartford R. R. Co. v. Nothnagle*, 346 U.S. 128, 73 S.Ct. 986, 97 L.Ed. 1500 (1953); *Atchison, Topeka & Santa Fe Ry. v. Harold*, 241 U.S. 371, 36 S.Ct. 665, 60 L.Ed. 1050 (1916); *Adams Express Co. v. Croninger*, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913). Such statutory provisions supercede "the diverse requirements of state legislation and decisions", *Southern Ry. v.*

*Prescott*, 240 U.S. 632, 639–640, 36 S.Ct. 469, 472, 60 L.Ed. 836 (1916), and render invalid all "agreement[s] in derogation of them * * *." *Southwestern Sugar & Molasses Co., Inc. v. River Terminals Corp.*, 360 U.S. 411, 420 n. 9, 79 S.Ct. 1210, [1216 n. 9] 3 L.Ed.2d 1334 (1959).

Appellant has attempted to circumvent the result dictated by the Carmack Amendment by invoking the "material deviation" doctrine applicable in admiralty cases. *See*, e. g., *The Sarnia*, 278 F. 459 (2d Cir. 1921), cert. denied, 258 U.S. 625, 42 S.Ct. 382, 66 L.Ed. 797 (1922). Under that doctrine, a contractual limitation of liability will not restrict the shipper's recovery where the carrier has breached a material or essential provision of the underlying agreement, for such a deviation arguably represents a complete failure of consideration and compels rescission of the entire carriage contract.... While the Amendment itself is silent with respect to "material deviations", we agree with Judge Eisele that the admiralty law doctrine has no application in the context of regulated interstate commerce, which is governed by the overriding federal policy of uniformity. *Lichten v. Eastern Airlines, Inc.*, 189 F.2d 939 (2d Cir. 1951); *Minneapolis Society of Fine Arts v. Railway Express Agency, Inc.*, 213 F.Supp. 129 (D.Minn.1963).

501 F.2d at 1372.

The Court finds the above interpretation of § 20(11) by the Eighth Circuit persuasive and dispositive of the issues presented by the instant Motion. As noted above, § 20(11) (rather than § 10730) is the controlling statute in this case and the rationale of *Rocky Ford* is applicable. Therefore, the Court determines as a matter of law that the deviation doctrine relied upon by Plaintiff is inapplicable in this case. *But see Seetapun v. Illinois-California Express, Inc.*, 518 P.2d 885 (Okl. 1974). Accordingly, the limitation provision of the bill of lading involved herein which limits the recovery by Plaintiff in this action to $.60 per pound per article lost or damaged is a valid provision and will be applied by the Court at the

forthcoming trial. In view of the foregoing, the Court finds and concludes that Defendant Andrews' Motion for Partial Summary Judgment to Restrict the Measure of Damages should be granted. *See* Rule 56(c), *supra.*