RAFAELLA GALLERY, INC. and Tajzoy
Oriental Rugs, Plaintiffs,

v.

UNITED PARCEL SERVICE,
INC., Defendant.

No. 92 Civ. 1567(JES).

United States District Court,
S.D. New York.

March 26, 1993.

Levitan, Frieland & Cayea, New York City, for plaintiffs; Louis M. Rohrberg, of counsel.

Kenneth Adler & Associates, Melville, NY, for defendant; Alan J. Copertino, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiffs Rafaella Gallery, Inc. ("Rafaella") and Tajzoy Oriental Rugs ("Tajzoy") bring this action for money damages to recover the $52,000 alleged value of two antique tapestries from defendant United Parcel Service, Inc. ("UPS"). The matter was submitted to the Court upon stipulated facts for judgment pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff Rafaella was the owner of two antique tapestries with a combined alleged value of $52,000. Pre–Trial Order ¶ 5A. Sometime prior to January 1991, plaintiff Rafaella consigned the tapestries to plaintiff Tajzoy for possible sale. *Id.* at ¶ 5B. On January 14, 1991, plaintiff Tajzoy arranged with defendant UPS for the return shipment of the two tapestries from Tajzoy's Chicago location to Rafaella's gallery at 1020 Madison Avenue, New York, New York. *Id.* at ¶ 5C, 5I. Pursuant to UPS's tariff and pick up record, UPS's shipping rate includes a variable declared value charge that increases $.30 for each $100.00 of value declared in excess of $100.00. *Id.* at ¶ 5E–5F. Tajzoy did not declare the value of the tapestries in the box labelled "declared value" on the pick up record. *Id.* at 5I. Therefore, Tajzoy limited UPS's liability for loss of or damage to the tapestries to the presumed declared value of $100.00 each and incurred no declared value charge. *Id.* at ¶ 5F–5H.

UPS picked up the tapestries at Tajzoy's Chicago location on January 14, 1991. *Id.* UPS's delivery driver arrived at 1020 Madison Avenue before business hours on January 17, 1991. *Id.* at ¶ 5M. Rather than posting a delivery notice and attempting a second delivery the following day pursuant to standard UPS procedure, the driver left the two packages containing the tapestries in the vestibule of the building and signed the delivery receipt himself with a fictitious name. *Id.* at ¶ 5M, 5P. Rafaella never received the tapestries, and all parties have assumed that they were taken by persons unknown. *Id.* at ¶ 5N.

On March 4, 1992, plaintiffs Rafaella and Tajzoy filed this action to recover money damages of $52,000 for the alleged value of the two tapestries. On September 23, 1992, the parties filed a joint Pre–Trial Order, setting forth stipulated facts upon which the Court could base its ruling. The only issue in dispute is the validity of UPS's contractual limitation of liability to the tapestries' declared value. Plaintiffs argue that the contractual limitation of liability does not restrict their recovery to $100 per tapestry because UPS's failure to deliver constitutes a breach of the carriage contract or, in the alternative, because UPS's misdelivery constitutes a conversion within the scope of the federal common law exception to the limitation on liability.

## DISCUSSION

The Carmack Amendment to the Interstate Commerce Act, which governs the liability of motor common carriers during their interstate shipment of goods, 49 U.S.C. § 11707 (1988), provides, in pertinent part, as follows:

"[A] motor common carrier ... may ... establish rates for the transportation of property ... under which the liability of the carrier or freight forwarder for such property is limited to a value established by written declaration of the shipper or by written agreement between the carrier or freight forwarder and shipper if that value would be reasonable under the circumstances surrounding the transportation."

49 U.S.C. § 10730(b)(1) (1988). The Carmack Amendment thus expressly recognizes the right of a shipper and carrier to limit an interstate carrier's liability to the stipulated value of the goods to be shipped.

■ Rafaella and Tajzoy have attempted to circumvent UPS's limitation of liability by invoking the "material deviation" doctrine applicable in admiralty, *see, e.g., The Sarnia,* 278 F. 459 (2d Cir.1921), *cert. denied,* 258 U.S. 625, 42 S.Ct. 382, 66 L.Ed. 797 (1922). Plaintiffs argue that UPS's violation of standard delivery procedure constitutes a material breach of the contract of carriage and thus justifies rescission of the entire contract. Plaintiffs have failed, however, to cite a single case applying this admiralty doctrine to common carriers who operate under filed tariffs.[1] In fact, federal courts, including the Second Circuit, have refused to apply the "material deviation" doctrine to such regulated common carriers because such carriers are governed by an overriding federal policy of uniformity that "requires that the tariff be applied to all matters arising from the attempted performance of the contract." *Lichten v. Eastern Airlines, Inc.,* 189 F.2d 939, 942 (2d Cir.1951); *see also Tishman & Lipp, Inc. v. Delta Airlines,* 413 F.2d 1401, 1405 (2d Cir.1969). Accordingly, the Court rejects plaintiffs' argument that the "material deviation" doctrine invalidates UPS's limitation of liability.

■ The Court is also unpersuaded by plaintiffs' alternative argument that UPS's misdelivery constitutes a conversion within the scope of the federal common law exception to the Carmack Amendment. This exception applies only in a case where a carrier has appropriated shipped goods for its own benefit, *Glickfeld v. Howard Van Lines, Inc.,* 213 F.2d 723, 727 (9th Cir.1954) (cited in

---

1. At oral argument, plaintiffs cited *Seetapun v. Illinois–California Express, Inc.,* 518 P.2d 885 (Okla.1973), in which the Oklahoma Supreme Court applied the "material deviation" doctrine to allow plaintiffs recovery in excess of the limitation of liability. Although the Oklahoma court was interpreting federal law (the Carmack Amendment), its opinion goes against the weight of authority in this circuit and in federal courts in Oklahoma. *See Conoco, Inc. v. Andrews Van Lines, Inc.,* 526 F.Supp. 720, 722 (W.D. Okl. 1981).

*Lerakoli, Inc. v. Pan American World Airways, Inc.,* 783 F.2d 33, 35 (2d Cir.), *cert. denied,* 479 U.S. 827, 107 S.Ct. 105, 93 L.Ed.2d 54 (1986)), a circumstance concededly not present here. Under federal common law, mere "misdelivery is not a conversion which deprives a carrier of the benefit of a tariff provision limiting liability." *Lichten,* 189 F.2d at 942; *Tishman & Lipp,* 413 F.2d at 1405. Since it is undisputed that neither UPS nor any of its employees appropriated the tapestries for the benefit of UPS, Pre-Trial Order ¶ 5N, no conversion occurred.

Plaintiffs' reliance on *Fireman's Fund Insurance Co. v. Wagner Fur, Inc.,* 760 F.Supp. 1101 (S.D.N.Y.1991), *recons. denied,* 1992 WL 8717, 1992 U.S.Dist. LEXIS 35 (1992), and *Jenny Trading Corp. v. IMC Carriers Ltd.,* 1990 WL 3998, 1990 U.S.Dist. LEXIS 348 (S.D.N.Y.1990), is misplaced. Those cases applied New York law governing intrastate carriage, which has no applicability to losses incurred during interstate shipment as to which federal law applies. *North American Phillips Corp. v. Emery Air Freight Corp.,* 579 F.2d 229, 233–34 (2d Cir. 1978). *See also Baloise Insurance Co., Ltd. v. United Airlines, Inc.,* 723 F.Supp. 195, 198 (S.D.N.Y.1989); *American Ry. Express Co. v. Levee,* 263 U.S. 19, 21, 44 S.Ct. 11, 12–13, 68 L.Ed. 140 (1923).

### CONCLUSION

This Court holds that the limitation of liability clause contained in UPS's pick up record is enforceable. The Clerk of the Court is directed to enter judgment for the plaintiffs against UPS for $200.00 and to close the above-captioned action.

It is **SO ORDERED.**