OPINION OF THE COURT
Herman Cahn, J.
Motion for summary judgment, CPLR 3212, made by defendant is decided as follows.
This is an action commenced by plaintiff to recover money *713 damages by. reason of defendant’s alleged negligence in the handling of a certain package delivered to it for shipping.
The basic facts are as follows:
In August 1992, plaintiff, a frequent user of the shipping services provided by defendant United Parcel, delivered a package containing a number of photographic transparencies to defendant. The package was to be delivered to Michael Long of Houston, Texas. The "pick-up” record prepared by plaintiff clearly indicated that unless the shipper (plaintiff) declared in writing that the matter being shipped had a greater value than $100, defendant’s liability for the goods shipped would not exceed $100. Further, defendant’s filed tariff contains a similar provision. The "pick-up” record also had a space whereon a larger value could be declared. Plaintiff did not declare a particular value for the shipment.
It appears that the package was shipped to the address listed as Long’s home and was signed for by a J. Webb. Long advised the plaintiff in October of 1992 that he never received the package containing the photographic transparencies. Thereafter, plaintiff notified defendant that the package had not been received by Long and a search was undertaken by defendant to trace and locate the package. To date,* the package has not been returned to plaintiff, nor delivered to the addressee. There is some discussion in the affidavit submitted in opposition, that the package was located by defendant, and again lost.
Plaintiff commenced this action alleging three causes of action which assert that defendant had been negligent in the shipping of the package. Plaintiff further alleges a breach of contract by defendant and the conversion of the package contents by defendant. The amount sought is $3,021,000, which is claimed to be the value of the package.
Defendant seeks summary judgment dismissing the action (CPLR 3212), based on the limitation of liability provisions of its tariff and "pick-up” record.
In considering the instant application, it is initially noted that the $100 limitation of liability set forth above has been approved under Federal law (49 USC § 10730) by the Interstate Commerce Commission and under New York law (Transportation Law § 181) by the New York State Department of Transportation. Defendant has annexed sufficient proof of this, and the plaintiff does not contend that the $100 limitation for shipped goods not otherwise valued is without basis in law or fact.
*714 The limitation of liability for a common carrier with respect to the undeclared value of merchandise that is shipped has been sustained in the courts of New York with certain exceptions. (Art Masters Assocs. v United Parcel Serv., 77 NY2d 200 [1990].) Indeed, it would appear that the limitation at issue would be inapplicable only in those instances where it can be demonstrated that the common carrier had appropriated the property to its own use and for its own profit. (Art Masters Assocs. v United Parcel Serv., supra, at 206.)
Here, the submitted papers establish that plaintiff never declared that the goods being shipped had a value in excess of $100. The plaintiff has failed to submit any proof that the goods it shipped were converted or misappropriated by defendant.
Although the goods may have been lost by defendant as the result of its own negligence, this would not result in liability beyond the $100 limitation herein because of plaintiff’s failure to declare a particular value of the matter shipped (Calvin Klein Ltd. v Trylon Trucking Corp., 892 F2d 191 [2d Cir 1989]).
Plaintiff’s argument that the limitation of liability clause does not apply, because the negligence and loss did not take place "in the course of transportation,” is not correct. The words "in the course of transportation,” as used in the tariff and the "pick-up” record, clearly refer to anything that happens between the time that defendant picks up the goods, and the time they are delivered. If the goods were damaged, for example, while they were in defendant’s warehouse, that would also be "in the course of transportation.”
It is well settled as a matter of law that where a party in opposition to a motion for summary judgment fails to submit sufficient proof to raise a triable issue of fact, the court may infer that none exists. (Banasik v Reed Prentice, 34 AD2d 746 [1st Dept 1970], affd 28 NY2d 770 [1971].)
Accordingly, the motion is granted to the extent that defendant’s liability herein is limited to $100.