**Richard TRUJILLO d/b/a Pacific Jewelry Services, Plaintiff,**

**v.**

**AMERICAN AIRLINES, INC., Defendant.**

**Civil Action No. 3:94–CV–0533–D.**

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 13, 1995.

Barbara Hoffman–Hill, Dallas, Tex., for plaintiff.

Thomas H. Stewart, Jr. of R. Bradley Lamberth, P.L.L.C., Dallas, Tex., for defendant.

## MEMORANDUM OPINION
## AND ORDER

FITZWATER, District Judge.

The instant motion for summary judgment presents the question whether § 4(a) of the Airline Deregulation Act of 1978,[1] as amended, 49 U.S.C. § 41713(b)(1) ("ADA"),[2] preempts the claims of plaintiff Richard Trujillo d/b/a Pacific Jewelry Services ("Trujillo") for recovery pursuant to the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"), Tex.Bus. & Comm. Code Ann. §§ 17.41–17.63 (West 1987 & Supp.1995), negligence, and gross negligence. The court holds that these claims are preempted, and grants summary judgment dismissing the claims.[3]

## I

Trujillo sues defendant American Airlines, Inc. ("American"), contending that American is liable for the loss of a commercial package containing jewelry valued at $23,490. Trujillo alleges that the American employee who prepared the "Advance Air Waybill" ("Waybill") failed to properly complete the Waybill by filling in the declared value portion of the form. Trujillo contends that he contacted American by telephone to request that it carry the package from Los Angeles International Airport to Dallas–Fort Worth International Airport. Trujillo inquired whether he could insure the package and was initially quoted a price. He was later told that insurance was unavailable because a secondary carrier would deliver the package to its final destination. Trujillo alleges he was not advised that he could pay a higher shipping

rate in exchange for American's assuming greater liability for loss of the package, but that he did inform the employee who prepared the Waybill that the jewelry enclosed was worth $25,000. American denies that Trujillo declared the value of the package.

American moves for summary judgment, contending the ADA preempts plaintiff's state and common law claims.[4]

## II

■ Congress, acting within the authority granted it by the Supremacy Clause, may enact legislation that preempts state law. U.S. Const. art. VI, cl. 2; *California v. ARC Am. Corp.*, 490 U.S. 93, 100, 109 S.Ct. 1661, 1664, 104 L.Ed.2d 86 (1989). Preemption is most easily recognized when Congress displaces state law "by stating so in express terms." *Pacific Gas & Elec. Co. v. State Energy Resources Conserv. & Dev. Comm'n*, 461 U.S. 190, 203, 103 S.Ct. 1713, 1722, 75 L.Ed.2d 752 (1983). The key inquiry is whether Congress intended that federal law supersede state law. *See Louisiana Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 368, 106 S.Ct. 1890, 1898, 90 L.Ed.2d 369 (1986).

■ Here, Congress has explicitly provided that state law be preempted. Section 41713(b)(1) provides, in pertinent part:

A state ... may not enact or enforce a law, regulation, or other provision having the force and effect of law relating to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713 (Supp.1995). The Supreme Court has construed the phrase "relating to" in § 41713(b)(1) broadly, and has held that "[s]tate enforcement actions having a connection with or reference to airline

1. Pub.L. No. 95–504, 92 Stat. 1705 (codified as amended in scattered sections of 49 U.S.C. (Supp.1995)).

2. The parties refer to the ADA's preemption provision as § 1305(a)(1). Pursuant to Pub.L. No. 103–272, 108 Stat. 1379 (1994), this section has been recodified at 49 U.S.C. § 41713(b)(1) (Supp.1995).

3. In a prior memorandum opinion issued April 20, 1995 the court granted summary judgment in

favor of American, holding that Trujillo's breach of contract claim is limited to damages of $126.50 as provided by the terms of the relevant waybill.

4. In the alternative, American posits that federal common law as embodied in the "released value doctrine" limits American's liability, and that Trujillo may not avoid this liability limitation by recasting his claims as tort or DTPA actions. The court need not address this argument.

'rates, routes or services' are preempted" under the ADA. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384, 112 S.Ct. 2031, 2037, 119 L.Ed.2d 157 (1992). Thus a claim is preempted by the ADA's express preemption provision if the claim relates to services that are not a part of the maintenance or operation of an aircraft. *See Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 338 (5th Cir.1995) (en banc).

■ Trujillo's claims arise from American's preparation of the Waybill and shipping of the package. Such acts have nothing to do with the operation or maintenance of an aircraft, which includes "using aircraft for the purpose of air navigation, including—the navigation of aircraft," 49 U.S.C. § 40102(a)(32)(A) (Supp.1995), and piloting, 49 U.S.C. § 40102(a)(31) (Supp.1995). While it may be argued that actual shipment of the package concerned the operation and maintenance of the aircraft, plaintiff admits that "the loss occurred in this judicial district," and bases his complaint on the fact that his package was never delivered, not that it was damaged in transit. In addition, his conversation with American's agent regarding the Waybill did not occur incident to the operation of the aircraft. Because plaintiff's claims did not arise out of the operation and maintenance of an aircraft, the exception to preemption for personal injury and loss of property torts discussed in *Hodges* does not apply. *See Hodges*, 44 F.3d at 338. That is, the insurance requirement of 49 U.S.C. § 41112 (Supp.1995) does not imply that torts like those raised by Trujillo—those unrelated to the operation of an aircraft—are carved out of the broad preemption provision of § 41713(b)(1).

Trujillo's claims are thus preempted if they relate to "services" within the meaning of § 41713(b)(1). It is clear that the acts Trujillo complains of—preparation of the Waybill by telephone and delivery of the package—are services within the meaning of § 41713(b)(1). The Fifth Circuit, sitting *en banc*, has defined "services" as activities that "generally represent a bargained-for or anticipated provision of labor from one party to another. If the element of bargain or agreement is incorporated in our understanding of services, it leads to a concern with the contractual arrangement between the airline and the user of the service." *Hodges*, 44 F.3d at 336 (quoting *Hodges v. Delta Airlines, Inc.*, 4 F.3d 350, 354 (5th Cir.1993)).

■ State causes of action are available to enforce bargains for services into which an airline voluntarily entered, *American Airlines, Inc. v. Wolens*, —— U.S. ——, ——, 115 S.Ct. 817, 824, 130 L.Ed.2d 715 (1995), but may not be used to impose external requirements upon airlines in the provision of services to the consumer, *id.*, at ——, 115 S.Ct. at 826. Plaintiff's breach of contract claim was the means by which he could enforce the agreement for services he made with American. He may not cast his claims as ones for negligence or deceptive trade practices to extend his recovery beyond the terms of the contract. To do so would frustrate Congress' intent to deregulate the airline industry.

Plaintiff's claims would affect American's provision of air shipment services "in their economic or contractual dimension" and are thus preempted. *Smith v. America West Airlines, Inc.*, 44 F.3d 344, 347 (5th Cir.1995) (en banc). Claims founded upon the preparation of Waybills and shipping of packages would significantly affect the ability of airlines to limit their liability for providing those services. "[P]reemption extends to all of the economic factors that go into the provision of the *quid pro quo* for passenger's [sic] fare, including . . . liability limits . . ." 44 Fed.Regs. 9948, 9951 (Feb. 15, 1979) (*quoted in Hodges*, 44 F.3d at 337). American submitted evidence that its ability to limit liability on the packages it ships affects the price of shipping, and that the rates it currently charges for such services will be adversely affected by allowing state causes of action to expand liability beyond the terms of the contract between American and the shipper.

\*　　\*　　\*　　\*　　\*　　\*

The court thus concludes that, pursuant to the law of this circuit, plaintiff's remaining state-law claims are preempted. Accordingly, American's motion for summary judgment is granted, and plaintiff's remaining claims

are dismissed with prejudice. The court has filed a judgment today.

**SO ORDERED.**