■ WINDWARD PHOTOS, Respondent, v UNITED PARCEL SERVICE, Appellant. [646 NYS2d 332] —Order, Supreme Court, New

York County (Paula Omansky, J.), entered on or about May 3, 1995, which denied defendant's motion for summary judgment, and order, same court and Justice, entered January 26, 1996, which granted defendant's motion for reargument and, upon reargument, adhered to the original determination, unanimously reversed, on the law, with costs, and defendant's motion for summary judgment is granted. The Clerk is directed to enter judgment in favor of the defendant dismissing the complaint, with costs.

"Although common carriers are precluded from exempting themselves from all liability for loss or damage or injury to goods entrusted to them, both the Carmack Amendment (49 USC § 10730) and the New York Transportation Law (§ 181) permit regulated motor carriers to limit their liability for loss, damage or injury to such property to an agreed-upon declared or released value of the property." (*Art Masters Assocs. v United Parcel Serv.*, 77 NY2d 200, 205-206.) Here, the United Parcel Service (UPS) pick-up invoice, which was filled out by Globe, the consignor, did so by providing the following standard disclaimer: "Unless a greater value is declared in writing on this receipt, the shipper hereby declares and agrees that the released value of each package or article not enclosed in a package covered by this receipt is $100, which is a reasonable value under the circumstances surrounding the transportation."

Since Globe did not declare a value of the slides on the receipt, Windward, the consignee-owner of those slides, has no basis for seeking to expand UPS's contractual liability beyond $100 in the event of loss (*Rafaella Gallery v United Parcel Serv.*, 818 F Supp 53). Summary dismissal was therefore warranted.

We have considered and rejected plaintiff's additional contentions. Concur—Milonas, J. P., Rosenberger, Wallach, Ross and Tom, JJ.