■ RAMERICA INTERNATIONAL, INC., Appellant, v MIL-SPEC INDUSTRIES, CORP., Respondent. [740 NYS2d 857] —Order, Supreme Court, New York County (Charles Ramos, J.) entered on or about December 18, 2000, which granted defendant's motion to dismiss the complaint, unanimously modified, on the law, the motion denied as to the first and third causes of action for breach of contract and loss of business opportunity, those causes of action reinstated and the matter remanded for further proceedings, and otherwise affirmed, without costs.

It is well established that on a CPLR 3211 motion to dismiss, the pleadings are to be construed so as to give the plaintiff the benefit of every plausible favorable inference, the court's task being only to determine if the facts alleged comport with a cognizable legal theory (*Leon v Martinez*, 84 NY2d 83, 87-88; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634), unless the essential facts can be negated on the basis of documentary evidence (*cf., Blackgold Realty Corp. v Milne*, 119 AD2d 512, *affd* 69 NY2d 719; *cf., Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81, *affd* 94 NY2d 659). A contract for sale "will not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy" (*City Univ. of N.Y. v Finalco, Inc.*, 129 AD2d 494, 495; UCC 2-204 [3]) and, under the UCC, may be valid notwithstanding that certain items are not yet resolved (*cf., Kleinschmidt Div. of SCM Corp. v Futuronics Corp.*, 41 NY2d 972). With regard to the contracts in this case, allegedly predicated on several documents exchanged between the parties that plaintiff claims constituted the requisite offers and acceptances, at this prediscovery stage of the proceedings, we cannot find as a matter of law that contracts were not formed. Rather, further evidence, if available, will be necessary to determine the parties' respective understandings and intents when forwarding or receiving relevant documents. Accordingly, we reverse as to the breach of contract claim in the first cause of action and the loss of business opportunity claim in the third cause of action, reinstate the complaint to that extent and remand for further proceedings. However, we agree with the motion court as to the dismissal of the negligent misrepresentation cause of action. Concur—Nardelli, J.P., Tom, Sullivan, Rubin and Friedman, JJ.