*442 OPINION OF THE COURT
Eileen A. Rakower, J.
Plaintiff Joel Forman commenced this action against defendant Federal Express (Fed Ex) for $4,015, as well as for punitive damages in the amount of $20,000. Plaintiff alleges that he sent $4,015 by Fed Ex, and that the cash was stolen while his package was under its exclusive, control. Plaintiff pleads both wilful and intentional misconduct and conversion by Fed Ex’s agents, employees and assigns.
Fed Ex moves for summary judgment on the ground that Mr. Forman’s tort claims are preempted by federal law, as well as on the ground that there is no contractual liability for cash shipments which Fed Ex expressly prohibits. In the alternative, Fed Ex moves for partial summary judgment and asks the court to limit liability to the contractual amount of $100. Mr. Forman cross-moves for summary judgment for the full amount of his claim.
On or about May 18, 2000, Mr. Forman sent a package containing $4,015 in cash to Mr. Joseph Siele. Mr. Forman placed the package in a Fed Ex drop box in Manhattan. Fed Ex delivered the package to Mr. Siele in Suffolk County on May 19, 2000. Mr. Forman and Mr. Siele, who both submit affidavits, allege that the cash was missing from the package when delivered, and that it had been opened and resealed with bright blue masking tape. Mr. Forman alleges that he spoke with Mr. Golden, an employee at Fed Ex who explained to him that they were having trouble with employee theft and that the tape was the tape used at their Newark facility.
Mr. Golden submits an affidavit in which he acknowledges speaking with Mr. Forman, but denies having told him that there were ongoing problems at the Newark facility. Mr. Golden also denies having told Mr. Forman that the contents of his package were stolen, and points out that the Fed Ex box used by Mr. Forman was in a public area.
The airbill filled out by Mr. Forman, which incorporates Fed Ex’s service guide by reference, specifically provided that Fed Ex would not assume liability for shipments containing cash. In addition, according to both the airbill and service guide, plaintiff is limited to a recovery of $100 because he did not declare the value of his package. Fed Ex, by affidavit, shows that plaintiff is a frequent user of Fed Ex to deliver packages.
“ ‘To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (Di Menna & *443 Sons v. City of New York, 301 N. Y. 118). This drastic remedy-should not be granted where there is any doubt as to the existence of such issues (Braun v. Carey, 280 App. Div. 1019), or where the appeal is “arguable” (Barrett v. Jacobs, 255 N. Y. 520, 522); “issue-finding, rather than issue-determination, is the key to the procedure” (Esteve v. Abad, 271 App. Div. 725, 727).’ (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404.)” (Ramsammy v City of New York, 216 AD2d 234, 236-237 [1st Dept 1995].) In addition, “[t]he party opposing the [summary judgment] motion * * * must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim rests.” (Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 967.) Bald, con-clusory allegations, even if believable, are not enough. (Id.; Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255; Edison Stone Corp. v 42nd St. Dev. Corp., 145 AD2d 249, 251-252 [1st Dept 1989].)
In support of its motion, Fed Ex contends that the Airline Deregulation Act of 1978 (ADA) (49 USC § 41713 et seq.) preempts plaintiffs state law tort claims. Plaintiff argues that this provision does not preempt a claim for conversion, because the statute relates only to “prices, routes or service of the airline.” 49 USC § 41713 states in relevant part that,
“a State * * * may not enact or enforce a law, regulation, or other provision having force and effect of law related to a price, route, or service of an air carrier * * *
“when such carrier is transporting property by aircraft or by motor vehicle (whether or not such property has had or will have a prior or subsequent air movement) * * * .” (49 USC § 41713 [b] [4] [A].)
In analyzing the preemptive application of this provision, the New York State Court of Appeals has found, “ ‘[t]he preemption question is ultimately one of congressional intent’ (Guice v Schwab & Co., 89 NY2d 31, 39, cert denied 520 US 1118). Specifically, ‘congressional preemptive intent may be shown from express language in the Federal statute; it may also be established implicitly because the Federal legislation is so comprehensive in its scope that it is inferable that Congress wished fully to occupy the field of its subject matter (“field preemption”), or because State law conflicts with the Federal law’ (id., at 39). Furthermore, ‘[ijmplied conflict preemption may be found when it is impossible for one to act in compliance with both the Federal and State laws, or when “the state law *444 * * * ‘stan[ds] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress’ ” ’ (id., at 39 [quoting Barnett Bank of Marion County v Nelson, 517 US 25, 31]).” (Matter of Delta Air Lines v New York State Div. of Human Rights, 91 NY2d 65, 71 [1997].) “The purpose of this provision, according to the United States Supreme Court, is ‘[t]o ensure that the States would not undo federal deregulation with regulation of their own * * * [by] prohibiting the States from enforcing any law “relating to rates, routes, or services” of any air carrier’ (Morales v Trans World Airlines, 504 US 374, 378-379).” (Id.)
This court therefore must first determine whether plaintiffs tort claims relate sufficiently to Fed Ex’s “rates, routes or services” within the meaning of the ADA, and are thereby preempted. The United States Supreme Court has found that the
“The ADA’s preemption clause * * * stops States from imposing their own substantive standards with respect to rates, routes, or services, but not from affording relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated. This distinction between what the State dictates and what the airline itself undertakes confines courts, in breach-of-contract actions, to the parties’ bargain, with no enlargement or enhancement based on state laws or policies external to the agreement.” (American Airlines, Inc. v Wolens, 513 US 219, 232-233 [1995] [emphasis added].)
Stated differently, where there is a contractual relationship between a carrier and user, the terms of that relationship and the parties’ correlative rights and responsibilities flow exclusively from their agreement, and other claims based on state law, including tort claims, are preempted by the ADA. The United States District Court for the Southern District of New York, citing numerous precedents, specifically found tort claims preempted by the ADA in a situation similar to the case at bar, where defendant — also Fed Ex — failed to deliver jewelry which the plaintiff there alleged was stolen by defendant’s employees during shipment. (Kemper Ins. Cos. v Federal Express Corp., 2000 WL 769208, 2000 US Dist LEXIS 8213 [SD NY, June 13, 2000].)
Plaintiff fails to demonstrate how the failure to deliver the contents of a package — arguably the principal service provided by Fed Ex — somehow does not relate to Fed Ex’s “services.” Thus, it must come within the ambit of the ADA’s *445 preemption provision. The court concludes therefore that plaintiff’s tort claims of conversion and punitive damages are preempted. (See, also, Trujillo v American Airlines, Inc., 938 F Supp 392 [ND Tex 1995], affd 98 F3d 1338 [shippers’ claims related to “services” within the meaning of 49 USC § 41713, thereby preempting state consumer protection statute and common-law negligence claims].)
The court now turns to the issue of whether Fed Ex incurred any contractual liability for its failure to deliver the cash allegedly sent by Mr. Forman. Fed Ex contends that it has no liability for Mr. Forman’s shipment because it expressly prohibits cash shipments. However, Fed Ex does not point to a provision in its airbill or service guide that would serve to exempt it completely from liability in this situation. Alternatively, Fed Ex argues that Mr. Forman is limited to the contractual amount of $100 because Mr. Forman failed to declare the true value of his shipment. Plaintiff argues that he has not alleged any claim of breach of contract, and does not challenge this contractual limitation on Fed Ex’s liability.
This court notes that it is well established that within the context of a motion to dismiss, “pleadings are to be construed so as to give the plaintiff the benefit of every plausible favorable inference, the court’s task being only to determine if the facts alleged comport with a cognizable legal theory (Leon v Martinez, 84 NY2d 83, 87-88; Rovello v Orofino Realty Co., 40 NY2d 633, 634).” (Ramerica Intl. v Mil-Spec Indus., Corp., 293 AD2d 420 [1st Dept 2002].) Thus, viewing plaintiff’s claims in their entirety the court concludes that they indeed contain a breach of contract claim.
With that said, “[t]he limitation of liability for a common carrier with respect to the undeclared value of merchandise that is shipped has been sustained in the courts of New York with certain exceptions. (Art Masters Assoc. v United Parcel Serv., 77 NY2d 200 [1990].) Indeed, it would appear that the limitation at issue would be inapplicable only in those instances where it can be demonstrated that the common carrier had appropriated the property to its own use and for its own profit. (Art Masters Assoc. v United Parcel Serv., supra, at 206.)” (Index Stock Photography v United Parcel Serv. Corp., 164 Misc 2d 712, 714 [Sup Ct, NY County 1995]; see, also, Windward Photos v United Parcel Serv., 230 AD2d 648 [1st Dept 1996]; Kemper Ins. Cos., 2000 WL 769208, at *2, 2000 US Dist LEXIS, at *4.) Further, “[a]n air carrier’s contractual *446 limitation of liability is enforceable even against a claim of conversion by its employees” and. that “[a] mere failure to prevent thefts by employees, or even a seeming indifference to a proclivity of employees to commit thefts, does not constitute ‘an intentional act of misconduct’ sufficient to vitiate a contractual limit of liability.” (Kemper Ins. Cos., 2000 WL 769208, at *2, 2000 US Dist LEXIS, at *3-4 [citations omitted].) Plaintiff’s recovery therefore is limited to the contractual amount to which he agreed when he did not declare the value of his package.
Wherefore, it is hereby ordered that defendant’s motion for partial summary judgment is granted and plaintiffs claim for conversion is dismissed, and it is further ordered that plaintiffs motion for summary judgment is denied in its entirety, and it is further ordered that in settlement of plaintiffs breach of contract claim, defendant shall pay to plaintiff the sum of $100 as its full liability to plaintiff, and it is ordered that all other relief requested herein is denied.